## Stafford vs. Williams.

After land had been sold by the sheriff, to C., upon an execution issued on a judgment against the owner, the premises were again sold, upon a statute foreclosure of a prior mortgage, and were bid off by P. The latter then redeemed the premises from the sale under the judgment, by paying the amount due upon the judgment with ten per cent interest; and subsequently received a deed of the land, from the sheriff. *Held*, that upon such redemption being made, the sheriff's sale of the premises, upon the execution, became null and void, and that under the deed subsequently given by the sheriff, P. acquired no title, as against a purchaser under a junior judgment.

*Held also*, that, so far as P. was concerned, the sheriff's deed was a nullity, being obtained in fraud of the rights of the purchaser under the junior judgment. And that it was also void as to a person claiming under P., who took his title with notice of the rights of such prior purchaser, sufficient to put him upon inquiry.

It is a general rule that a purchaser, under a power, purchases at his peril, and is bound to inquire whether the power has not been extinguished. This rule applies to titles acquired under sheriff's sales upon execution.

There must be a subsisting power in the sheriff, at the time of executing a conveyance by him, or he can confer no title.

The fact of redemption, on the payment of a judgment, may be proved by parol, for the purpose of defeating a sheriff's deed.

The recitals, in a sheriff's deed, of the acts of third persons in transferring the certificate of sale, although prima facie evidence of the assignment, are not conclusive, but may be disproved, the same as any other prima facie evidence.

A party alledging a redemption of premises from a sheriff's sale, by another person, is not bound to produce the sheriff's certificate, or the receipt indorsed thereon, in order to prove the payment of the money upon the redemption.

THE action was ejectment, tried at the Steuben circuit, in February, 1851. The plaintiff claimed title to the premises in question under a sheriff's deed. The premises were sold by the sheriff of Steuben, to the plaintiff, on the 23d of October, 1845, by virtue of an execution duly issued upon a judgment in the Steuben common pleas, for $80,20, in favor of John Noyes against Joseph Wilbur and Amos C. Wilbur, docketed the 26th of November, 1842. The plaintiff's deed from the sheriff, was executed July 26th, 1847. The defendant, Williams, was in

possession under a contract to purchase from his co-defendant Jamison. Jamison, who was admitted as a party defendant in the suit, on his own application, after issue was joined, to establish his title, produced and proved a quit-claim deed to himself, from John W. Phelps and wife, dated July 1st, 1846, which was acknowledged by the grantors on the third of July, 1846, and recorded in the clerk's office of the proper county on the 26th of June, 1847. There was no proof of the payment of the consideration expressed in the deed, except what appeared upon the face of the deed, being the usual acknowledgment of the receipt of the consideration.

The defendant also proved a judgment in favor of Caleb Cowan, against the said Wilburs, recovered in the Steuben common pleas for $79,01, docketed the 24th of October, 1842, the issuing of the execution thereon and the sale of the said premises by virtue thereof, by the sheriff, to the plaintiff in the judgment, on the 25th of August, 1843, and that a certificate of such sale was duly executed and delivered to the purchaser. They farther proved a deed executed by the sheriff, in pursuance of such sale, to the said Phelps, the grantor of Jamison, dated April 26th, 1845, acknowledged and recorded in the clerk's office the same day. This deed recited the certificate of sale to Cowan, the assignment thereof by Cowan to Aaron Hurd, and by Hurd to said Phelps. The plaintiff then proved that Phelps was a purchaser of said premises at a sale upon a statute foreclosure of a mortgage, executed by the Wilburs to Myron Holmes, 30th of January, 1843. The premises were sold by virtue of this mortgage, July 28th, 1844, and bid in by Phelps. The plaintiff also proved by James L. Seely, Esq. that he was the attorney of record of said Cowan, in his judgment, and that he, as such attorney, had the possession of the sheriff's certificate of sale, while it belonged to Cowan and after it was assigned by him to Hurd. That it was left in his hands by Hurd, who authorized him to receive the money upon it. That after the purchase of the premises by Phelps, at the sale on the mortgage, he, Phelps, came and paid to him, as the attorney of Hurd, the sum bid at the sheriff's sale under the Cowan judgment,

with ten per cent interest, to redeem the premises from the said sale. That he receipted the payment of the money as paid to redeem the premises, upon the certificate, and delivered the certificate, with such receipt indorsed thereon, to Phelps, but did not assign the certificate to him. This certificate of sale was not produced upon the trial. The defendant's counsel objected to the foregoing evidence, on two grounds : 1. That it was contradicting the recitals in the sheriff's deed, and that the title from the sheriff could not be defeated by proof of any such matters *aliunde ;* and 2. That such facts could not be proved by parol ; and that the certificate and the receipt should be produced by the plaintiff. The court overruled both objections, and the counsel excepted. The defendant's counsel then offered the defendant Williams, as a witness for his co-defendant, Jamison, who was objected to as incompetent, and rejected by the court, and the defendant's counsel excepted. The defendant's counsel then moved for a nonsuit, which was refused. The proofs being closed, the defendant's counsel requested the court to instruct the jury that, as a matter of law, the defendants were entitled to their verdict. The court refused so to charge, but charged the jury that the plaintiff was, as a question of law, entitled to their verdict. The defendant's counsel excepted to the refusal and to the charge of the court. The jury rendered a verdict for the plaintiff, and judgment was entered thereon.

*D. L. Sunderlin,* for the plaintiff

*E. Quinn,* for the defendant.

*By the Court,* JOHNSON, J. It is claimed by the defendant's counsel, that there being no proof of actual notice to the defendant Jamison of the redemption of the premises by Phelps from the sale under the Cowan judgment, he, Jamison, is to be regarded as a bona fide purchaser, and is to be protected in his purchase, as Phelps had a fair and perfect title upon the record.

The judgment under which the plaintiff claims was also mat-

Stafford *v.* Williams.

possession under a contract to purchase from his co-defendant Jamison. Jamison, who was admitted as a party defendant in the suit, on his own application, after issue was joined, to establish his title, produced and proved a quit-claim deed to himself, from John W. Phelps and wife, dated July 1st, 1846, which was acknowledged by the grantors on the third of July, 1846, and recorded in the clerk's office of the proper county on the 26th of June, 1847. There was no proof of the payment of the consideration expressed in the deed, except what appeared upon the face of the deed, being the usual acknowledgment of the receipt of the consideration.

The defendant also proved a judgment in favor of Caleb Cowan, against the said Wilburs, recovered in the Steuben common pleas for $79,01, docketed the 24th of October, 1842, the issuing of the execution thereon and the sale of the said premises by virtue thereof, by the sheriff, to the plaintiff in the judgment, on the 25th of August, 1843, and that a certificate of such sale was duly executed and delivered to the purchaser. They farther proved a deed executed by the sheriff, in pursuance of such sale, to the said Phelps, the grantor of Jamison, dated April 26th, 1845, acknowledged and recorded in the clerk's office the same day. This deed recited the certificate of sale to Cowan, the assignment thereof by Cowan to Aaron Hurd, and by Hurd to said Phelps. The plaintiff then proved that Phelps was a purchaser of said premises at a sale upon a statute foreclosure of a mortgage, executed by the Wilburs to Myron Holmes, 30th of January, 1843. The premises were sold by virtue of this mortgage, July 28th, 1844, and bid in by Phelps. The plaintiff also proved by James L. Seely, Esq. that he was the attorney of record of said Cowan, in his judgment, and that he, as such attorney, had the possession of the sheriff's certificate of sale, while it belonged to Cowan and after it was assigned by him to Hurd. That it was left in his hands by Hurd, who authorized him to receive the money upon it. That after the purchase of the premises by Phelps, at the sale on the mortgage, he, Phelps, came and paid to him, as the attorney of Hurd, the sum bid at the sheriff's sale under the Cowan judgment,

with ten per cent interest, to redeem the premises from the said sale. That he receipted the payment of the money as paid to redeem the premises, upon the certificate, and delivered the certificate, with such receipt indorsed thereon, to Phelps, but did not assign the certificate to him. This certificate of sale was not produced upon the trial. The defendant's counsel objected to the foregoing evidence, on two grounds : 1. That it was contradicting the recitals in the sheriff's deed, and that the title from the sheriff could not be defeated by proof of any such matters *aliunde ;* and 2. That such facts could not be proved by parol ; and that the certificate and the receipt should be produced by the plaintiff. The court overruled both objections, and the counsel excepted. The defendant's counsel then offered the defendant Williams, as a witness for his co-defendant, Jamison, who was objected to as incompetent, and rejected by the court, and the defendant's counsel excepted. The defendant's counsel then moved for a nonsuit, which was refused. The proofs being closed, the defendant's counsel requested the court to instruct the jury that, as a matter of law, the defendants were entitled to their verdict. The court refused so to charge, but charged the jury that the plaintiff was, as a question of law, entitled to their verdict. The defendant's counsel excepted to the refusal and to the charge of the court. The jury rendered a verdict for the plaintiff, and judgment was entered thereon.

*D. L. Sunderlin,* for the plaintiff

*E. Quinn,* for the defendant.

*By the Court,* JOHNSON, J. It is claimed by the defendant's counsel, that there being no proof of actual notice to the defendant Jamison of the redemption of the premises by Phelps from the sale under the Cowan judgment, he, Jamison, is to be regarded as a bona fide purchaser, and is to be protected in his purchase, as Phelps had a fair and perfect title upon the record.

The judgment under which the plaintiff claims was also mat-

Stafford *v.* Williams.

ter of record, and he had become a purchaser of the premises at the sale by the sheriff under the executions, several months before the defendant Jamison took his conveyance from Phelps. This was notice to any purchaser from Phelps, of the plaintiff's claim upon the land, sufficient to put him upon inquiry. The law charges every purchaser with actual notice of every fact in regard to which he is put upon inquiry. (*Jackson* v. *Caldwell*, 1 *Cowen*, 622.) The defendants knew, or were bound to know, that Phelps derived his title, so far as the sheriff's deed to him was concerned, under a power not coupled with an interest. And having notice of the plaintiff's claim, they were bound to inquire whether the power had not been extinguished before the sheriff's conveyance to Phelps. Jamison, therefore, is in no better situation than his grantor, Phelps, would be, were he defending against the plaintiff's title. And it is scarcely pretended that Phelps could successfully resist the plaintiff's title, if the proof of the redemption by him is competent against his sheriff's deed. As to him, it is manifest that the sheriff's deed is a nullity; obtained in fraud of the plaintiff's rights under his judgment. The statute is explicit, that upon redemption the sale and certificate shall be null and void. (2 *R. S.* 371, § 49.)

It is a general rule that a purchaser under a power, purchases at his peril. And this has been repeatedly held to apply to titles acquired under sheriffs' sales upon execution, and to sales by the comptroller, for nonpayment of taxes. (*Jackson* v. *Anderson*, 4 *Wend.* 474. *Wood* v. *Colvin*, 2 *Hill*, 566, *and cases there cited.*) In the latter case, it was expressly held that a bona fide assignee of the sheriff's certificate, from one who purchased with knowledge that the judgment had been paid, acquired no right or title to the premises as against a purchaser under a junior unsatisfied judgment. That seems to be decisive of this case. It is clear, upon general principles, that there must be a subsisting power in the sheriff at the time of the conveyance, or he can confer no title.

There can be no doubt that the fact of redemption, or the payment of the judgment, may be proved by parol, to defeat a sheriff's deed. It is matter *in pais*, and very often could

be established in no other way. (*Jackson* v. *Caldwell*, 1 *Cowen*, 640.)

In *Jackson* v. *Roberts' Ex'rs*, (11 *Wend*. 422,) it was conceded that the fact that the execution was satisfied before the sale of the premises in question, might have been established by proof *aliunde*, to defeat the sheriff's deed. And so in regard to the payment of taxes, to defeat a comptroller's deed. (*Jackson* v. *Morse*, 18 *John*. 441.) But it is urged that the evidence that Phelps redeemed from Hurd, and that the certificate was not assigned to him by Hurd, as recited in the sheriff's deed, contradicted the deed in material parts, and was inadmissible. It has been held that the recitals in a sheriff's deed, as to the manner in which he executed his powers, as for instance the number of executions upon which the premises had been sold, can not be contradicted by showing that the sale was only upon one execution, or that a portion of the premises conveyed were reserved by the sheriff at the sale, and the like. (*Jackson* v. *Roberts' Ex'rs*, 11 *Wend*. 422, *and cases there cited*.) But it has never been held, and I think never will be, that the recitals in a sheriff's deed, of the transactions of third persons in transferring the certificate, were conclusive and could not be contradicted. Such recitals may be, and probably are, *prima facie* evidence of the assignment, but they can be nothing more, and they are liable to be disproved, the same as any other *prima facie* evidence. The sheriff was no party to the assignment, and could not conclude any one by any statement he might make in regard to it. It was wholly unnecessary for the plaintiff to produce the certificate, or the receipt, to enable him to prove the payment of the money by Phelps to redeem from the Cowan judgment. Those papers were in Phelps' possession, and the fact existed, and might be proved independent of the papers. The receipt itself was but evidence of the fact, and would not preclude the introduction of other evidence, even between the parties to the transaction. (*Cowen & Hill's Notes*, 547, 548, 1211.)

The defendant Williams was, in my judgment, properly excluded as a witness for his co-defendant. It must be perfectly

obvious that no separate judgment in such a case could be rendered in favor of one defendant and against the other. Jamison claimed to hold the legal title, and Williams was in possession under a contract to purchase from him. The possession of Williams, for all substantial purposes, was that of Jamison.

A verdict and judgment which should give the plaintiff the possession as against Williams, and the defendant Jamison the possession as against the plaintiff, would be absurd. Although against Williams in form, practically it would be in his favor and effectually establish his rights, which all depended upon Jamison's title. It was impossible for the evidence of Williams to benefit Jamison without its operating in his own favor.

I am clearly of the opinion the defendants' title to the premises was null and void, as against the plaintiff's title ; and that there was no error in the ruling upon the trial. The judgment of the special term must therefore be affirmed.

[MONROE GENERAL TERM, December 2, 1851. *Welles, Selden* and *Johnson*, Justices.]