JOSEPH DANIELS, Plaintiff in Error, *vs.* JAMES M. WINSLOW, Defendant in Error.

MOTION FOR LEAVE TO FILE A JUDGMENT OF AFFIRMANCE *NUNC PRO TUNC.*

Upon the affirmance of a judgment of the District Court, the original amount, with the accumulated interest, remained a lien by virtue of the original docketing in the District Court; but if the successful party desires to make that portion of his judgment which is for damages and costs recovered in this Court, a lien upon the debtor's lands, he must docket the judgment in the District Court, and it will become a lien for that amount, from the time of such docketing only.

*By the Court*—FLANDRAU, J. We gather from the papers that the judgment was on affirmance entered up in this court for the whole amount of the original judgment with the accumulated interest, damages and costs, pursuant to Rule twenty-four of this Court.

When the judgment was originally entered and docketed in the District Court, it became a lien upon the lands of the judgment debtor in the County of Ramsey. The writ of error taken by the Defendant brought the case, judgment and all, into this Court, accompanied by all its incidents, among which was the lien which continued with it. Upon the affirmance of the judgment, the original amount with the accumulated interest remained a lien by virtue of the original docketing in the District Court, but if the successful party desires to make that portion of his judgment, which is for damages and costs recovered in this Court, a lien upon the debtor's lands, he must docket the judgment in the District Court, and it will become a lien for that amount from the time of such docketing only. This must be so to save the rights of redemptioners whose judgments or other liens have accrued after the rendition of the original judgment, and before the decision of this Court, or, at least, before the sueing out of the writ of error, which may be a year after the entry of the judgment. Were it different, a party taking a lien upon land which had only a small judgment against it, might find himself swallowed up by the operation of a writ of error in increasing the judgment by way of damages and costs, so as to destroy his security.

The sale which took place in this case, is supported by the original docketing of the judgment and the consequent lien ; the execution has been issued with proper reference to such docketing, and we see no need of the motion made here to protect the rights of the Plaintiff under the sale.

For these reasons we deny the motion.

The Chief Justice having acted as Counsel in the case took no part in the decision.