WILLIAM DICKINSON, Plaintiff in Error, against SETH H. KINNEY, Defendant in Error.

### ERROR TO THE DISTRICT COURT OF RICE COUNTY.

In the trial of an issue of law raised upon demurrer to an answer, it is unnecessary for the Court to find in its decision the facts that are admitted in the pleading, because such finding cannot influence the case one way or the other. What facts stand admitted, must be governed by the pleading itself, and cannot be added to or taken from by any finding the Court may make.

A statute which authorizes the sale of a debtor's property, real or personal, to satisfy his debts must be understood to pass the whole interest of the debtor when the sale is made, unless some limitations are made by the statute in terms. The redemption privilege in our law upon this subject, does not change the character of the estate sold, but simply creates a defeasance by which others interested in the land may become subrogated to the rights of the purchaser, and the debtor finally defeat them all and be restored to his estate. A purchaser at an execution sale of real estate takes all the estate of the judgment debtor in the land, subject only to the right of redemptioners to repurchase from him. This estate may be assigned to a third person, who is entitled to a Sheriff's Deed at the expiration of the time for redemption. The Sheriff is justified in conveying to the purchaser, unless he be directly informed of the purchaser's conveyance to the third party; but a conveyance to the purchaser when the third party was entitled to the deed, would not convey the legal title to the purchaser, and a judgment against the purchaser, docketed after the assignment to the third party, would not attach to the land under such circumstances, unless it clearly *appeared of record* that the title was in the judgment debtor at the time of docketing the judgment. Prior to the Statute of August 3, 1858, (*Sess. Laws of* 1858, *p.* 116,) which places judgment creditors upon the same footing as *bona fide* purchasers, such judgment could not have attached as against the assignee of the purchaser.

### Points and Authorities of Appellant.

The Court, if it saw fit to recapitulate the facts set forth in the complaint and answer, erred in omitting to find that after the docketing of the Defendant's judgment against Levi Nutting, the Sheriff duly executed to said Nutting a deed and conveyance of the premises described in the complaint. See *folio* 7.

I.—1st. The Court erred in finding as law applicable to the facts set forth in the pleadings that "the Sheriff's sale of June 26, 1858, transferred the legal title of the premises sold to Levi Nutting," because the doctrine of all the adjudged cases is that the purchaser at a Sheriff's sale on execution acquires by such sale only a lien on the premises sold, and such purchaser has no title or estate therein till the expiration of the time allowed by law for redemption, and the execution and delivery of the Sheriff's deed. *Comp. Stat. Min., pp.* 572, 573, *secs.* 115–119; 1 *Barb.* 511, *Shermerhorn vs. Merrill, particularly pp.* 517, 518; 2 *Wendell,* 507, *Evertson vs. Sawyer;* 10 *Paige,* 598; 7 *Cowen,* 540, *ex parte, Peru Iron Co., particularly p.* 554; *Ib.* 658, *Jackson vs. Budd;* 20 *John.* 3, *Bissell vs. Payne;* 4 *Barb.* 159, *Vaugh vs. Ely;* 1 *Swan,* (*Tenn.*) 7; 10 *Humph.* 24, *Coutenger vs. Catron,* (*cited U. S. Digest, vol.* 12, *p.* 293, *sec.* 135,); 2 *Caine,* 61–63, *Simonds vs. Catlin;* 2 *John.* 248, *Jackson vs. Catlin:* 1 *Cowen,* 501, *Van Renselear vs. Sheriff, particularly p.* 511; *Crocker, p.* 229, *sec.* 532.

2d. No title could have vested in Nutting from the mere sale under execution, because Peacock or any one else entitled to redeem might have redeemed, and by so doing rendered the Sheriff's sale and any transfer made by Nutting void. *Comp. Stat. Min., p.* 573, *secs.* 115, 116.

3d. The Courts have repeatedly held that a judgment obtained after the sale under execution, and even after the judgment debtor's right to redeem has expired, is a lien on the premises so sold—on the ground that the title is still in the judgment debtor. 1 *Cowen,* 443, *Van Renselaer vs. Sheriff,* 1 *Ib.* 501, *ib., particularly p.* 511.

4th. The deed when given does not relate back to the sale so as to vest any title in the purchaser before the execution and delivery of the deed. 1 *Barb.* 511, *cited above;* 2 *Wend.* 507, *cited above.*

5th. After the sale to Nutting, Peacock still had an attachable interest in the land—Nutting had none. If the legal title were transferred by the sale to Nutting, and by the quit claim from him to Kenney, as the Judge below ruled, the property could not have been liable for any debts of Peacock after such sale. That is to say, by executing a quit claim of

the premises the day after such a sale, Nutting had it in his power to put Peacock's property beyond the reach of Peacock's creditors without his own consent, however valuable it might be.   Could Nutting and Peacock both deed at the same time?

II.—1st.   The legal title to the land in question being still in the judgment debtor, and Nutting not being in possession of the same, the Court erred in finding that Levi Nutting transferred his interest in said land by the quit claim deed on the 20th day of August to Seth H. Kenney, as Nutting had at this time no title that could pass by such conveyance. 9 *Cowen*, 13, *Jackson vs. Winslow;* 1 *Ib.* 613, *Jackson vs. Hubble;* 15 *Ill.* 131, *Phelps vs. Kellogg;* 2 *Wend.* 166, *Varick vs. Jackson;* 14 *John.* 193, *Jackson vs. Wright;* 14 *Ill.* 304, *Funk vs. Darst;* 4 *Wend.* 300, *Jackson vs. Peek.*

2d.   Though a deed with covenants of seizin and warranty might pass the title subsequently acquired by the grantor, the doctrine of estoppel does not apply in this case, as all we know of the deed of Nutting to the Plaintiff is what is stated in the complaint—"a quit claim deed." 9 *Cowen*, 13, *cited above:* 1 *Ib.*, 613, *cited above, and the cases heretofore cited under the second heading.*

III.—The Sheriff having transferred the title to the premises in question by executing a deed and conveyance to Levi Nutting after the expiration of the time for redemption, and after the docketing of the Defendant Dickinson's judgment against Levi Nutting, the Court erred in finding "that Levi Nutting had no interest in said premises subject to levy by the execution in favor of Defendant at the time of docketing his judgment or subsequent thereto"—such judgment became a lien on said premises on the execution and delivery to Levi Nutting of the Sheriff's deed therefor.   *Comp. Stat. Min., p.* 566, *secs.* 76, 77.

IV.—The Court erred in finding the demurrer well taken and ordering judgment for the Plaintiff, because the Defendant has a lien on said premises by virtue of his said judgment and the sale to the Defendant Dickinson under the same.

Points and authorities of Respondent:

I.—The ruling of the Court below should be sustained from the facts admitted in the pleadings and for the reasons below stated.

1st. Levi Nutting, by his quit claim deed, of the form in common use, to Kinney, the Plaintiff, of August 20, 1858, conveyed to him all of his interest in said premises, as by deed of bargain and sale. *Minn. Stat., p.* 397, *sec.* 3; 4 *Scam. Ill. Rep.* 117.

2d. Nutting being the purchaser, for a valuable consideration paid at the Sheriff's sale, on the 26th day of June, 1856, and the Sheriff's certificate of sale to him being duly recorded and filed, his interest was the fee, subject only to the statutory privilege of redemption. The contrary doctrine grows out of the decisions founded upon the peculiar *N. Y. Statutes of* 1818 *and* 1832. Under our Statute, or in the absence of Statute regulating this doctrine, the title passes at the sale. *Bouvier's Law Dictionary, word sale; People vs. Easton,* 2 *Wend.* 297; *Wood vs. Calvin,* 5 *Hill.* 228; 1 *Hill. on Mort.* 217, *note;* 2 *Ib.,* 1, 228; *Stat. Min., p.* 573, *sec.* 115, *last clause; N. Y. Digest,* 1033, *and authorities there cited;* 4 *Hill.* 76, 92.

II.—But if the Court be of opinion that technically the title was not in Nutting, the purchaser at said Sheriff's sale, and therefore that he could not vest it in the Plaintiff by the execution of the said quit claim deed, then we maintain, at least—that when Nutting purchased the said estate and paid a full equivalent therefor at Sheriff's sale, he acquired the *entire beneficial interest therein,* and that such sale was the material point from which the Sheriff's deed subsequently executed as a mere muniment, conveying only a naked paper title, and took effect by relation thereto—that the execution of the deed was the performance of a covenant contained in the certificate of sale, and derived all its virtue therefrom, and that its only object was to spread upon the records additional evidence that the time for redemption had expired.

1st. Because a Sheriff's deed passes no title to a stranger. It must relate to the judgment execution, and sale, to make it

effectual. *Davis vs. Mc Vickars,* 11*th Ill.* 329, *whole opinion; Ferguson vs. Miles,* 3 *Gilman,* 361, *whole opinion;* 2 *Ib.* 448; *Jackson, et al, vs. Ramsey,* 75, *Syllabus* 3, *Cowan Rep.;* 15 *John· Rep.* 309.

2d. The estate being unaffected by the Statute of redemption when the debtor fails to redeem, we invoke the analagous principle that the duplicate and patent in pre-emptions are only muniments of title, relating to and taking effect from the sale. *Leach vs. Rauch,* 3 *Min. R.* 455; *Camp vs. Smith,* 2 *Ib.* 171.

3d. Because in general where a number of steps, acts, or ceremonies are necessary to complete title to real estate, the first act is to be preferred, and all others operate from it by relation. 5 *Cruce's Digest,* 510, 511; *Farmers' Bank vs. Merchant, et al,* 13 *Hoaard,* 12.

4th. Allowing the principle to be true urged by the Appellant in the case at bar in his first point, that Levi Nutting could only convey to the Plaintiff a lien upon the said premises, then we maintain that the Plaintiff ought to recover on the principle established by all the authorities that a "*prior equitable lien takes precedence of a subsequent legal one.*" 1 *Paige R.* 125, 280.

III.—The deed from Nutting to Kinney, executed August 20, 1858, passing all the right, title and interest of the grantor, virtually assigned the certificate of sale to this Plaintiff, if such assignment was necessary, and he alone had a right to demand and receive the Sheriff's deed; and the said deed being on record, the Sheriff, as a public officer, was duly notified of such assignment. It being evident from the pleadings that the parties to that conveyance intended to perform every act and thing necessary to vest the perfect title in the Plaintiff. *Oliver's Conveyancing,* 224, 227; *Somes vs. Skinner,* 3 *Pickering,* 56, *from the fifth line; Pray vs. Pierce,* 7 *Mass.* 381, *last clause in Syllabus, and* 384 *to the end; Wright vs. Douglass,* 2 *Comstock,* (*N. Y. R.*) 376, *near the bottom.*

IV.—Mr. Nutting, and all persons claiming by, through, or under him, are forever estopped from claiming any interest or title depending upon, growing out of, or maturing from the interest conveyed or intended to be conveyed to this

Plaintiff, in August, 1858.   *Trull vs. Eastman*, 3 *Metcalf*, 121; *Fresley vs. Ballance*, 2 *Gilman*, 141, *whole case; Miller, et al, vs. Ewing*, 6 *Cushing*, 34; *Newcomb vs. Presbrey*, 8 *Met.*, 406, *Syl.*, *and* 409 *to end; Russel & Coffin,* `et al, vs. Coffin*, 8 *Pickering, Syl.* 143, *and Opinion* 150; *Rawle on Coven.* 238, *and note on* 239.

BATCHELDER & BUCKHAM, Counsel for Appellant.

R. A. MOTT, BERRY & PERKINS, Counsel for Respondent.

*By the Court*—FLANDRAU, J.   In the trial of an issue of law raised upon demurrer to an answer, it is unnecessary for the Court to find in its decision the facts that are admitted in the pleading because such finding cannot influence the case one way or the other.   What facts stand admitted must be governed by the ·pleading itself, and· cannot be added to or taken from by any finding the Court may make.

On the 27th day of February, 1858, Levi Nutting recovered a judgment, in the District Court of Rice County, against Leonard K. Flanders and William Peacock, and docketed it in Rice county, on the same day.   On the 4th day of May, 1858, he caused an execution to be issued on his judgment, and sold thereon the land in controversy, which belonged to Peacock, one of the Defendants in the execution.   At the sale which took place on the 26th day of June, 1858, Nutting became the purchaser, and received from the Sheriff the proper certificate of sale.   Afterwards, and on the 20th day of August, 1858, Nutting conveyed by deed of quit claim to Seth H. Kinney, the Plaintiff below, all the right and interest in the premises that he had acquired by the purchase at the Sheriff's sale.

On the 19th day of May, 1859, the Defendant below, William Dickerson recovered a judgment against Nutting and one Whedden, and docketed it in the county of Rice.   After the expiration of the time for redemption had expired, no one having redeemed the land, the Sheriff executed the proper deed to Nutting of the land.

Dickerson conceiving that his judgment was a lien on the

land, as soon as it was conveyed by the Sheriff to Nutting, caused an execution to be issued and had it sold, himself becoming the purchaser, and receiving from the Sheriff a certificate of sale.

The question presented by these facts is, did the legal estate of Peacock in the land pass to Nutting at the sale on Nutting's execution, or did he only acquire a lien upon the land, not to be perfected into a title until the delivery of the deed by the Sheriff? The Defendant insists that the title of land sold under an execution remains in the judgment debtor, and is not divested until after the expiration of the time to redeem, and cites quite a number of authorities to sustain his position, which are decisions from New York and Tennessee. The New York cases were decided upon a statute in these words, "The right and title of the person against whom the execution was issued to any real estate which shall be sold thereby shall not be divested by such sale, until the expiration of fifteen months from the time of such sale; but if such real estate shall not have been redeemed as herein provided, and a deed shall be executed in pursuance of a sale, the grantee in such deed shall be deemed vested with the legal estate from the time of the sale on such execution for the purpose of maintaining an action for any injury to such real estate." *R. S. N. Y.*, 2*d Ed.*, *vol.* 2, *p.* 296, *sec.* 61. There is no room for doubt under this statute, that the legal estate remains in the judgment debtor, until divested by the Sheriff's deed, except for the sole purpose of allowing the purchaser to maintain an action for injuries to the estate. The statute of Tennessee probably contains some similar provision, as the cases cited by the Defendant from that State are to the same purport.

But our Statute is essentially different in this particular. The provisions which authorize and regulate sales on execution and the redemption of land, are on *pages* 572–574 *of the Compiled Statutes, from sections* 109 *to section* 121 *both inclusive.* Sales of real and personal property are treated of together, and the mode of selling each species is provided for. There is no difference made in the Statute between the sale of real and personal property, except that real property is sold subject to redemption, where the estate of the debtor is that

of a leasehold of two years or greater; all estates less than a leasehold of two years unexpired term being sold absolutely and without redemption. *Comp. Stat. p.* 572, *sec.* 113. When the lien of a judgment attaches to real estate, it operates upon "all the real property of the judgment .debtor in the county owned by him at the time of the judgment or after. wards acquired." *Comp. Stat. p.* 566 *sec.* 77. The execution sells the same interest and estate that the judgment is a lien upon save and except the qualifying effect of the redemption act : and were it not for this Statutory conditional defeasance by redemption, there would be no reason why the absolute estate should not pass. The words of the Statute which allow the redemption vindicate clearly that the estate of the debtor passes to the purchaser at the sale by providing that "If the debtor or owner redeem at any time before the time for redemption shall expire, the sale is terminated, and he is *restored to his estate.*" *Comp. Stat. p.* 573, *sec.* 116 *last clause.*

We are quite clear that a Statute which authorizes the sale of a debtor's property, real or personal, to satisfy his debts, must be understood to pass the whole interest of the debtor when sale is made, unless some limitations are made by the Statute in terms, and that the redemption privilege in our law does not change the character of the estate sold, but simply creates a defeasance by which others interested in the land may become subrogated to the rights of the purchaser, and the debtor finally defeat them all and be restored to his estate. The whole operation of the Statute is contingent upon the interference of a redemptioner which may never take place, in which case the estate that the purchaser takes by his deed is the same that he purchased at the sale, relieved of a right in others to purchase it from him.

Under the view that we feel compelled to take of our Statute, Nutting by his purchase took all the estate that Peacock had in the land subject only to the right of redemptioners to repurchase it from him. This estate was of course assignable, and passed to Kinney by the deed of quitclaim; Kinney being the owner of the estate at the expiration of the time for redemption was entitled to the Sheriff's deed. The Sheriff executed the deed to Nutting, and he was justified in so doing

because there having been no redemption of the land, it became his duty to convey to the purchaser ; I see no reason why the Sheriff should notice the deed to Kinney unless directly informed of the fact and requested by the parties to convey to the assignee of the purchaser.   But it by no means follows that because the Sheriff executed the deed to Nutting when Kinney was entitled to it, that Nutting thereby became invested with the legal title to the land.   There was no title in the Sheriff as an individual, and his deed is merely the crowning act of the judicial sale and one of its forms and solemnities.   The judgment of Dickerson against Nutting could attach to only such lands as were *actually* in Nutting at the time of its docketing or subsequently acquired by him, *Greenleaf v. Edes*, 2 *Minn. R.* 264, unless the act of August 3d, 1858, *Sess. Laws* 1858, *p.* 116 *Sec.* 1, changes the rule in this case.   The Statute of 1858 places judgment creditors upon the same footing as *bona fide* purchasers, and allows their liens to attach to the lands of their debtors according to the title as it "appears of record," and not as it exists in fact. It does not appear from the pleadings in this case that the deed of the Sheriff to Nutting was ever recorded, while it is expressly averred that the quitclaim deed from Nutting to Kinney was duly recorded.   The title to the land therefore, as shown by the judgment of Nutting against Peacock, the certificate of sale under that judgment, and purchase by Nutting, and the deed from Nutting to Kinney was, as " appeared of record," in Kinney, and not in Nutting, leaving nothing for the judgment of Dickerson to attach to either in fact or of record. But had the deed of the Sheriff been recorded, we are by no means satisfied that the prior deed of Nutting to Kinney would not have taken precedence, and exhibited the record title in Kinney, as the Sheriff's deed would of necessity have explained itself by its recitals, and shown that Nutting had the legal estate in the lands at the date of his deed to Kinney.

We think the Judge below took the right view of the Statute, and his judgment should be affirmed.