## MARY ANN RANKIN *vs.* PETER ARNDT and others.

Where land has been sold by the sheriff, upon execution, payment by the judgment debtor of the amount of the bid, with the prescribed interest, within the year, puts an end to the sale, and extinguishes entirely the power of the sheriff to convey.

If, instead of paying, and thus rendering the certificate of sale null and void, and extinguishing the power of the sheriff to convey, the judgment debtor, having still the title, chooses to advance the money to a third person, to enable the latter to purchase and take an assignment of the certificate and thus keep it in force, there is no legal objection to the transaction. If no fraud is practiced, it can not be regarded as hostile to the rights of subsequent creditors.

The advance of money, by a judgment debtor, for the purpose of having the sheriff's certificate assigned to a third person and thus kept on foot, will not operate as a *redemption* by him, and render the sheriff's certificate null and void, or take away all power from the sheriff to execute a conveyance valid as against creditors.

It can make no difference, in a legal point of view, as respects the authority of the sheriff to convey the title of the judgment debtor, that the money is thus advanced by the judgment debtor to the attorney of a third person, without the knowledge or assent of such third person, at the time. If the latter subsequently ratifies what has been done in his name, by accepting the title from the sheriff, and then conveying it, it is in law equivalent to an antecedent authority to the attorney.

The grantee of the sheriff, under such circumstances, will, as between himself and the judgment debtor, acquire and have a perfect and absolute title to the land thus conveyed.

Though the conveyance, in such a case, may, perhaps, be voidable by the subsequent creditors of the judgment debtor, it is not absolutely void and of no effect, even as against them. It is perfectly good, and the title under it remains vested in the grantee until it is set aside, or the grantee is compelled to convey by the judgment of some competent court.

And if the assignee of the sheriff's certificate, after having obtained a deed of the premises from the sheriff, conveys the same to *bona fide* purchasers without notice, the lien of a mortgage executed by the judgment debtor subsequent to the docketing of the judgment on which the sale was made, and prior to the sale, will be cut off by the sheriff's deed, and the purchasers from the sheriff's grantee will hold the land, as against a party claiming under the mortgage.

THE object of this action was to set aside a sheriff's deed of certain lands in the city of Rochester, which were sold by the sheriff of Monroe, upon execution against the defend-

ant Peter Arndt, and also several later deeds, under which the several defendants, other than Peter Arndt, hold or have held parts of the property so sold by the sheriff, or some interest therein. The action was referred to a referee, who found the following facts, viz: That on the 17th day of October, 1864, Lewis H. Morgan recovered a judgment against Peter Arndt, before a justice of the peace, for $31.46, damages and costs, and the same was docketed in the clerk's office of Monroe county, on the 9th day of November, 1864. At the time of the recovery and docketing of said judgment, Peter Arndt was, and for a considerable time prior thereto, had been the owner of the land described in the complaint. On the 30th day of January, 1855, Peter Arndt and wife executed upon said premises a mortgage to John A. Acer, for $3,592.82, which was recorded the same day in the clerk's office of Monroe county. On the 31st of August, 1855, the sheriff of Monroe county sold the premises in question by virtue of an execution issued upon said judgment, and the same was bid in by Lewis H. Morgan. About the 1st day of August, 1856, Arndt gave the money to F. Delano, Esq., and directed him to cause an assignment of the certificate of sale to be made to Jacob W. Arndt. Delano paid the amount of the bid (which was the amount of the debt and costs) to Morgan, and the latter executed an assignment of the sheriff's certificate to Jacob W. Arndt, on the 2d day of August, 1856. On the 23d of February, 1857, the sheriff executed a conveyance to Jacob W. Arndt, according to the terms of the certificate. On the 30th of July, 1858, Jacob W. Arndt and wife, conveyed the premises to Geo. H. Arndt. On the 10th of February, 1859, Geo. H. Arndt conveyed the premises to Emily F. Dexter. On the 29th of August, 1859, Emily F. Dexter and husband, conveyed the premises to the defendants, Fitch and Moseley, who purchased without notice of any defect in the title, after having a search made, and paid therefor the sum of $1462, and took possession of the premises. The other defendants claim under Fitch and

Moseley. The mortgage of Peter Arndt to John A. Acer was assigned to Ira Belden, and an action was commenced by him to foreclose the same, January 3, 1856. The action proceeded to judgment, and on or about the 9th day of December, 1861, the premises were sold by a referee in pursuance of the judgment, and the plaintiff became the purchaser, and took a deed from the referee. The referee found as a conclusion of law from the facts, aforesaid, that the lien of the Acer mortgage was cut off by the sheriff's deed, and that the complaint should be dismissed, with costs to the defendants, Fitch and Moseley, and also with costs to the defendants, Bennett and Galusha.

Judgment having been entered, upon the report of the referee, the plaintiff appealed.

*T. Hastings* and *J. D. Husbands*, for the appellant.

*H. R. Selden*, for the respondents.

*By the Court*, JOHNSON, J. The action is brought for the purpose of setting aside and cancelling of record certain deeds of conveyance under which the defendants, Fitch, Moseley and others who derive title from them, claim the lands in question, as a cloud upon the plaintiff's title. The complaint also prays that the plaintiff may be let into possession. The plaintiff assumes that these conveyances are entirely void, and that none of the denfendants ever acquired any title whatever to the premises, at least as against the creditors of Peter Arndt. The referee finds, as matter of fact, that the defendants, Fitch and Moseley, are *bona fide* purchasers, without notice of any fraud or defect in the title, after searching the records which showed a complete and perfect title in their grantors. That they paid a valuable consideration is not disputed. It is clear enough, that at the time the defendants, Fitch and Moseley, purchased and took their conveyance the title was apparently in their grantor, Emily F. Dexter. The records of the county

showed that her title was complete and perfect. It went back to the sheriff's sale, and unless the power of the sheriff had been extinguished before he made his conveyance, it is entirely clear that the case has been properly decided.

It is conceded that the judgment was a lien on the premises, and that the sale by the sheriff upon the execution was regular ; and that his certificate of the sale in the hands of the plaintiff in that judgment, who was the purchaser, was a regular and valid instrument. This entitled the purchaser, or his assignee of the certificate, to a conveyance from the sheriff in case the amount of the bid was not paid by the judgment debtor within one year, with the prescribed interest, and no creditor of his redeemed within three months thereafter. If a sheriff refuses under such circumstances to convey, the court will compel him to do so. But a payment of the amount of the bid with the prescribed interest, within the year by the judgment debtor, puts an end to the sale, and extinguishes entirely the power of the sheriff to convey. If he executes and delivers a deed after such payment, it conveys no title, but the title remains in the debtor as it was before the sale. (*Stafford* v. *Williams*, 12 *Barb.* 240, *and cases there cited.*) By such payment the certificate becomes "null and void." (2 *R. S.* 371.) It is quite manifest, however, that it is optional with the judgment debtor, whether he will redeem or allow the sale to stand, and the certificate thereof to remain in force. He is under no legal obligation to any one to redeem. Nor can he be compelled to do so for the benefit of a subsequent creditor or third person. If, instead of paying, and thus rendering the certificate of sale null and void, and extinguishing the power of the sheriff to convey, the judgment debtor having still the title, chooses to advance the money to a third person to enable the latter to purchase the certificate and thus keep it in force, I do not perceive any legal objection to the transaction. If no fraud is practiced I do not see how it can be regarded as hostile to the rights of subsequent creditors. Their rights certainly

are in no respect affected or prejudiced by the transfer of the sheriff's certificate of sale from the purchaser to another. They remain the same, precisely, as though the original purchaser still held the certificate. Indeed, it is quite difficult to see how fraud, in fact, as against subsequent creditors, can be predicated upon such a transaction, where there is no concealment, and nothing done to cover the true state of affairs, or to mislead such creditors. But there is no question of actual intentional fraud in this case. The plaintiff does not pretend that either herself or those under whom she claims, were in any respect deceived or misled by reason of the assignment of the certificate. Nothing prevented them, or either of them, from exercising their right of redemption from the assignee and holder of the certificate, but sheer carelessness and inattention to their rights. The defendants, Fitch and Moseley, did not purchase until four years after the sheriff's sale, and as nothing in all that time had been done to preserve the lien of the mortgage, they might well take it for granted that such lien no longer existed or could be claimed to exist. But, as before remarked, no question of actual fraud in procuring the transfer of the certificate by the judgment debtor is raised or passed upon by the referee. The plaintiff's case rests upon the naked ground that the advance of the money, for the purpose of having the certificate assigned and thus kept on foot, by the judgment debtor, operated of necessity, and as matter of law, as a redemption by him, and rendered the sheriff's certificate null and void, and took away all power from the sheriff to execute a conveyance valid for any purpose against creditors. But this position can not, I think, be successfully maintained. Money paid by a judgment debtor to a purchaser for the purpose of redeeming is one thing, but money advanced to a third person for the purpose of having the certificate assigned to such third person is not the same, but quite another and different thing, or transaction. In the latter case the power of the sheriff is not extinguished or affected in any degree, but is

expressly reserved and continued by the voluntary election and choice of the only person who has within the year any right to act in the premises. It can make no difference in a legal point of view that the money is thus advanced by the judgment debtor to an attorney of a third person without the knowledge or assent of such third person at the time. If such third person afterwards ratify what has been done in his name, by accepting the title from the sheriff, and afterwards conveying it, it is in law equivalent to an antecedent authority to the person so acting in his name and behalf. It is too clear for argument that the grantee of the sheriff under such circumstances, would as between himself and the judgment debtor, acquire and have a perfect and absolute title to the land thus conveyed. It was perfectly immaterial who advanced the money to procure the assignment of the certificate of sale from the purchaser to Jacob W. Arndt, as respects the authority of the sheriff to convey the title of Peter Arndt, the judgment debtor. As the judgment debtor elected not to have the money paid by way of redemption, but advanced by way of a purchase of the right acquired by the purchaser at the sheriff's sale, in favor of a third person, the sheriff was bound to convey to the assignee of the certificate, and had no right to inquire who furnished the money by which the assignment was procured.

The conveyance may perhaps, in such a case, be voidable by the subsequent creditors of the judgment debtor, but it is not absolutely void and of no effect, even as against them. It is perfectly good, and the title under it remains vested in the grantee until it is set aside, or the grantee is compelled to convey by the judgment of some competent court. If voidable at all in a case like this, it must be upon the ground that it is, in substance and effect, a mere voluntary conveyance, which an existing creditor may avoid to the extent of his own claim. It is unnecessary in this case to decide whether a creditor, having a lien upon premises thus sold, who has slept upon his right to redeem, and suffered the time to pass by,

can, after the lapse of years, go back and attack the title conveyed by the sheriff to the assignee of the certificate, on the ground that it was in the nature of a voluntary conveyance and thus fraudulent in law as against his debt. Because, conceding his right to do so, as against the immediate grantee of the sheriff, it would by no means follow that he could maintain an action against a *bona fide* purchaser from such grantee to set aside his conveyance. In that view just the case would be presented, where, according to all the authorities, a *bona fide* purchaser would be protected in his title against a creditor of the former owner. The authorities upon this question are all one way, and it would be superfluous to cite them. The statute alone is conclusive upon this subject. (2 *R. S* 137, § 5.)

The defendants, Fitch and Moseley, purchased and took a conveyance of the entire premises, paying a valuable consideration therefor, and the fact is distinctly found by the referee that they had no notice of any defect in the title, having made due search. The referee, therefore, very properly held and decided that the lien of the mortgage, under which the plaintiff purchased, was cut off by the sheriff's deed, and that the action could not be maintained against the defendants, Fitch and Moseley, and the other defendants who claimed portions of the premises under them. The testimony before the referee upon the main question was quite conflicting, and we can not disturb his finding. In other respects the findings of fact by the referee appear to be fully warranted by the evidence. There was no dispute in relation to the possession of the premises having been held under the sheriff's deed at all times after it was given.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, September 5, 1865. *Johnson, E. Darwin Smith* and *James C. Smith,* Justices.]