GEORGE MESSERSCHMIDT *vs.* D. A. J. BAKER & wife.

August 7, 1875.

**Variance Disregarded.**—*City of St. Paul* v. *Kuby*, 8 Minn. 154, followed upon a question of variance.

**Sale of Real Estate on Execution on a Judgment of the Supreme Court.**—*Daniels* v. *Winslow*, 4 Minn. 318, followed.

**Execution Sale—Deed to Assignee of Purchaser.**—The sheriff making a sale upon execution, under the provisions of Pub. St. ch. 61, was authorized to make a sheriff's deed of the sold premises to an assignee of the purchaser at the sale.

**Sheriff's Deed—Recital Prima Facie Evidence.**—The authority of a sheriff to make an execution sale, together with the fact of sale, and the issue of a certificate to the purchaser, being established by competent evidence, the recital in the deed made by the sheriff to a person, as assignee of the purchaser, of the fact of the purchaser's assignment to such person, is at least *prima facie* evidence of such assignment as against the judgment debtor.

Appeal by defendants from a judgment of the court of common pleas of Ramsey county, the action having been tried before *Hall*, J., without a jury.

*Morris Lamprey*, for appellant.

*Gilman, Clough & Lane*, for respondent.

BERRY, J. This action is brought under Gen. St. ch. 75, § 1, as amended by Laws 1867, ch. 72, to determine defendants' claim of an estate or interest in certain premises adverse to the plaintiff.

1. The complaint alleges that the plaintiff is in possession of the premises. The court below finds that at the commencement of the action they were, and have ever since continued to be, vacant and unoccupied. The evidence by which this finding is supported having been received without objection, the variance is to be disregarded. *City of St. Paul* v. *Kuby*, 8 Minn. 154.

2. The other questions in the case arise upon the following state of facts: On April 9, 1855, judgment for $5,155.96 was entered and docketed in the district court for Ramsey county in favor of the Bank of Hallowell, plaintiff,

v.22M—6

and against D. A. J. Baker and one Williams, defendants. The cause in which the judgment was entered, was carried to the supreme court of the territory, where such proceedings were had that on February 8, 1856, the judgment of the district court was affirmed, with ten per cent. damages and costs, and on the same day judgment entered in said supreme court for the amount of the same, to wit, for $6,063.40, in favor of the bank, and against said Baker and Williams. A judgment roll was made up and filed in the supreme court, and said judgment was entered in the judgment book, but was not docketed in the supreme or district court, neither was any transcript thereof filed in the district court. On May 22, 1857, the bank caused an execution, directed to the sheriff of Ramsey county, to be issued out of the supreme court, reciting the rendition of the judgment for $6,063.40, and that the same was rendered " upon a judgment entered and docketed in the district court of Ramsey county, on the ninth day of April, 1855, as appears by the judgment roll filed in the office of the clerk of said court," and then proceeding as follows, viz. : " and whereas said judgment was docketed in your county, as aforesaid, and the sum of $6,063.40, with interest from said eighth day of February, 1856, is now actually due thereon ; * * * therefore you are commanded to satisfy the said judgment, interest and costs out of the personal property, etc. ; * * * or if sufficient personal property * * * cannot be found, then out of the real property not exempt from execution, in your county, belonging to said judgment debtors on the day when said judgment was so docketed in your county, or at any time thereafter," etc.

Under this execution the sheriff of Ramsey county levied upon several parcels of land as the property of said Baker, (among which was the parcel in dispute in this action,) and sold the same separately to C. C. Washburn for $6,556 on July 16, 1857, and on the same day executed and delivered to said Washburn a certificate of the sale.

The certificate was filed in the office of the register of deeds of Ramsey county, July 20, 1857, and, on December 20, 1857, recorded in said office. On November 1, 1860, the sheriff of Ramsey county, in pursuance of said sale, executed and delivered to one Edgerton a deed of the disputed premises, reciting in such deed an assignment of the foregoing certificate of sale by Washburn to Edgerton, and that no redemption of said premises had been made, and on the same day the deed was duly recorded. On September 12, 1863, Edgerton conveyed the premises in controversy to the plaintiff, by quit-claim deed, duly recorded September 16, 1863.

Upon these facts defendants' first point is, in substance, that the omission to docket the judgment rendered in the supreme court makes the sheriff's sale invalid, because, without such docketing, the judgment never became a lien upon Baker's real estate, and without such lien the sale was unauthorized, as the statute regulating sale upon execution (Pub. St. ch. 61, § 82,) authorizes the sale of no real property except that upon which the judgment is a lien.

This point is disposed of by *Daniels* v. *Winslow*, 4 Minn. 318. That was a case in which, upon affirmance of a judgment appealed from, judgment was entered in this court, as in the case at bar, " for the whole amount of the original judgment, with the accumulated interest, damages and costs, pursuant to rule twenty-four." In that case it was held that " the sale, which took place" upon an execution issued out of this court, was " supported by the original docketing of the judgment," appealed from in the district court, " and the consequent lien." This decision involved the determination of a point made in the case at bar, which is not expressly referred to in the case cited, viz. : the point that the sale is invalid because no transcript of the judgment of this court was filed as prescribed by rule 29. See 1 Minn., appendix. The sale being supported (as is held) " by the original docketing" of the judgment of the

district court, the filing of a transcript of the judgment of the supreme court would not be necessary to the validity of an execution issued to the sheriff of the county where such original docketing took place, or to the validity of a sale under such execution in such county.

The decision in *Daniels* v. *Winslow* was made fifteen years since, and has never been disturbed. It laid down a rule of practice which was, in effect, a rule of real property. We shall not, at this distance of time, enquire into its philosophy, or stay to enquire whether or not it is entirely consistent with the analogies of the law, or whether, if the question were *res nova*, there might not be some technical or logical difficulties in the way of the conclusion arrived at by the court. The case is eminently one for the application of the principle of *stare decisis*, a principle of the first importance, especially as applied to land titles in a new country. *Groff* v. *Ramsey*, 19 Minn. 44. We, therefore, accept and follow the *determination* made in *Daniels* v. *Winslow*, as laying down the correct rule of law. This would not bind us to acquiesce in all that is said in the case *arguendo*, though, as to that, we express no opinion. It is proper to remark that the case at bar is one in which there are no " rights of redemptioners whose judgments or other liens have accrued after the rendition of the original judgment, and before the decision of this court, or   *   *   * before the suing out of the writ of error," to be considered, since the defendant, Baker, is one of the judgment debtors. What is said by the court in *Daniels* v. *Winslow*, with reference to the rights of such redemptioners, does not at all affect the entire applicability of its decision to the case at bar.

3. As we have before seen, the premises in dispute were sold at the sheriff's sale to C. C. Washburn, to whom also the certificate of sale was issued. The sheriff's deed was made to Edgerton, under whom the plaintiff claims. Defendants contend, *first*, that the sheriff had no authority

to make any deed. It is true that the statute did not *expressly* authorize the sheriff to execute a deed in a case of this kind, but the expression "sheriff's deed," used in Pub. St. ch. 61, § 116, clearly implies the existence of such authority. As the officer who made the sale, he was certainly, not only *per se*, but by analogy, the proper person to make the conveyance, and, so far as we are aware, he has been so regarded and treated in practice.

The defendants further insist that, at any rate, the sheriff was authorized to make conveyance to the purchaser only. It is true, as defendants say, that the words of the statute are, "the purchaser is entitled to a conveyance," but these words do not necessarily mean that he is entitled to a conveyance to himself only. There is no reason why they may not mean, according to their terms, that he is entitled to a conveyance generally, whether to himself or to a person to whom he assigns his right, and by implication directs the deed to be made. The authority of the purchaser to assign his certificate of purchase, and then designate his assignee as the party to whom the deed shall be made, is sanctioned by a practice so reasonable, of such long standing, and so completely analogous to the course pursued in other similar cases, as to admit of no serious question.

Defendants make the further point that the sheriff's deed is invalid because there is no evidence of the assignment from Washburn, the purchaser, to Edgerton, the grantee. Authority to make the sale was given to the sheriff by the judgment and execution, the existence and validity of which, as well as the fact of the sale to Washburn, and the issue of the certificate to him, were shown by competent evidence, independent of the deed. Upon the expiration of the period of redemption it became the sheriff's duty to execute a deed of the sold premises to Washburn, or his assign. He had no right to execute a deed to any person other than Washburn except upon the theory of an assignment; to do so would be a breach of official duty. In this case he has executed

the deed to Edgerton, professedly upon the theory that Edgerton is Washburn's assign, and he has assumed to do this upon the face of the deed, in which the fact of the assignment by Washburn to Edgerton is explicitly recited as the ground of his action.   The recital is entirely proper, and reasonably necessary for the purpose of making the deed "intelligible"—that is to say, of showing why it is that the land which was purchased by Washburn at the sale is conveyed to Edgerton by the deed.   *Goenen* v. *Schroeder*, 18 Minn. 66, 78; 2 Bl. Com. 298.

The act being one which it was not only the sheriff's right, but his duty, to do, if the recital is true, we are of opinion, in view of the foregoing facts and considerations, and of the presumption that a public officer discharges his duty, that the recital of the fact of assignment, as a statement of the ground upon which he assumed to execute the deed to Edgerton, is entitled to be taken as at least *prima facie* evidence of the truth of the facts recited as against a party who has no interest in the assignment—a mere stranger. *Goenen* v. *Schroeder*, 18 Minn. 66; *Trotter* v. *Nelson*, 1 Swan, 7; *Anderson* v. *Clark's Heirs*, 2 Swan, 156; *Stafford* v. *Williams*, 12 Barb. 240.   The defendants in this case (the judgment debtor and his wife) are such parties, and mere strangers, for their title having been divested by the execution sale and the expiration of the period of redemption, (*Dickinson* v. *Kinney*, 5 Minn. 409,) the question of assignment, and the question to whom the sheriff's deed shall be executed, are questions in which they have no interest.   The purchaser at the sale, or one claiming under him, might object to a conveyance to a professed assignee, but the judgment debtor has nothing to say in the premises.

Judgment affirmed.