STATE EX REL. FRANK M. WRABEK AND ANOTHER v.
C. M. TIFFT.[1]

December 4, 1931.

No. 28,838.

*Louis F. Soukup* and *Peterson & Oehler*, for relators.
*Lyle Pettijohn*, for respondent.

LORING, J.

This is a mandamus proceeding to compel the district court of Scott county to try a case brought by Frank M. Wrabek and Antoinette Wrabek against Maurice Tragar and William Tragar, copartners as M. Tragar & Son. The case was brought in Scott county where is situate the land which is alleged to have been damaged. The defendants reside in Dakota county and joined in a demand for change of venue, which was not complied with by the clerk of court in Scott county. The district court in Scott county however ordered the change to Dakota county on the ground that the defendants are entitled to the change as a matter of right.

The suit was brought for damages which the plaintiffs alleged they had suffered by a fraud perpetrated upon them by the defend-

[1]Reported in 239 N. W. 252.

ants in the sale of two cows to the plaintiffs, which were, unknown to the plaintiffs, afflicted with infectious dermitis. The elements of damage sought to be recovered relate to the value of the two cows purchased, the injuries to ten cows belonging to the plaintiffs which became infected with the disease, and decrease in value of the plaintiffs' farm due to the alleged fact that the premises have become infected with the dermitis which will be communicated to other cattle which may be pastured or kept thereon. The plaintiffs claim that this is an action for injuries to land and consequently must be tried in the county where such real estate is situate as provided in G. S. 1923 (2 Mason, 1927) § 9207. The defendants take the position that the action is transitory.

We are of the opinion that the learned district court was right in ordering a change of venue from Scott to Dakota county. It is the general rule that upon seasonable demand actions must be transferred to the county in which the defendant resides. The law requiring an action for injuries to real estate to be brought and tried in the county where the real estate is situate is an exception to the general rule. This court has therefore held that to bring a case within the exception the subject matter must be wholly local, that is, exclusively within the exception. In the case before us the damage for injuries to real estate is only one element in the relief sought. Therefore the case was properly transferred to Dakota county. State ex rel. D. S. B. Johnston Land Co. v. District Court, 138 Minn. 336, 164 N. W. 1014; State ex rel. Barrett v. District Court, 94 Minn. 370, 102 N. W. 869, 3 Ann. Cas. 725. See also Smith v. Barr, 76 Minn. 513, 79 N. W. 507; State ex rel. Quinn v. District Court, 154 Minn. 397, 400, 191 N. W. 814.

The alternative writ of mandamus is discharged.