# STATE EX REL. FRANK M. WRABEK AND ANOTHER v. C. M. TIFFT.[1]

December 24, 1931.

No. 28,838.

*Louis F. Soukup* and *Peterson & Oehler,* for relators.
*Lyle Pettijohn,* for respondent appealing from taxation of costs.

PER CURIAM.

The case was heard upon typewritten record and briefs. Respondent having prevailed, 184 Minn. 567, 239 N. W. 252, gave notice for taxation of costs and disbursements. He included two items as follows:

"Record, stenographic, answer and affidavit with 11
        copies—145 folios . . . . . . . . . . . . . . $ 8.70
"Brief, stenographic, 11 copies and original—225 folios . $13.50"

[1]Reported in 240 N. W. 354.

No objection was made by relators, but the clerk, acting under the admonition of rule X, and the case of Cooper v. Stinson, 5 Minn. 416 (522) disallowed these two items. Respondent has appealed from the disallowance.

■ Costs were unknown at common law and in our practice depend upon statutory authority. Certain sums may be allowed to the prevailing party for expenses in an action which are termed costs. G. S. 1923 (2. Mason, 1927) § 9470. The prevailing party is allowed his disbursements necessarily paid or incurred. G. S. 1923 (2 Mason, 1927) § 9473. In this court costs may be allowed, not exceeding $25; and in all cases the prevailing party shall be allowed, his disbursements necessarily paid or incurred. G. S. 1923 (2 Mason, 1927) § 9486.

Rule X of the rules of practice of this court among other things provides [160 Minn. 604]:

"The prevailing party shall be allowed as a disbursement a reasonable amount which he has actually paid for printing record or brief."

The $25 costs were allowed by the clerk. The spirit and purpose of the statute is that it is an aid to the successful litigant in meeting such expenses as here involved. No one thinks of attempting to tax money necessarily paid or incurred as attorney's fees except where specifically provided by statute. Indeed, many items are necessarily incurred that are not taxable. 7 R. C. L. 793, § 18. The right to tax in this court may be regulated by statute or by rules of court. 7 R. C. L. 800, § 29. Indeed, in the absence of statute or rule of court or established practice, the expense of printing any document is not taxable as a disbursement. 15 C. J. 145, § 337.

If these two items could be taxed, it would follow that every prevailing litigant could collect for the stenographic expense of putting printed records and briefs in form for the printer. But stenographic fees are not taxable in the absence of a statute authorizing it. 15 C. J. 139, § 319.

Of course the appellant here claims that the stenographic service involved was a necessary disbursement. But it is the established practice of this court, supported by rule X, that such items as here involved are not taxable. While the present statute is not in the same language as the statute in Cooper v. Stinson, 5 Minn. 416 (522) the substance is the same. See also 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2239. We have held numerous items of expense nontaxable as disbursements. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2239; 15 C. J. 142, §§ 328-337. It is the established practice in this court that such items as here involved are not taxable.

Appellant also challenges the right of the clerk to disallow an item in the absence of the objection thereto. This position is untenable. Of course the litigant cannot leave his rights to the protection of the clerk. Whether the taxation is opposed or not, the clerk must satisfy herself that the items proposed for taxation are correct; and if she finds illegal or improper items, as here, she should disallow them. 15 C. J. 183, § 444.

The clerk's disallowance of the two items is affirmed.