Sedgwick, J.
[After stating the facts]—By force of the statute (2 Edm. R. S. § 49, p. 385) the sale of the premises redeemed, and the certificate of such sale became null and void (Stafford v. Williams, 12 Barb. 244; Titus v. Lewis, 3 Id. 72; Wood v. Colvin, 5 Hill, 228). The sale had not divested his former title (§ 61), and Latting, his grantee, held the legal title free from any lien or incumbrance by reason of the sale, purchase and certificate. [The learned judge here stated the reconveyance from Latting to Price, and also the conveyance from the latter to Barley.]
Under the Revised Statutes, and apart from the effect of the subsequent act of November 30,1847, in §§ 5 and 6, the law gave no power to the sheriff to convey land that had been in fact redeemed. His power was by § 63, strictly confined to completing the sale after the expiration of fifteen months, of the real estate, “if any part of the premises sold shall remain unredeemed by the person against whom the execution or by a person entitled to redeem the same within one year,” and by executing a conveyance of the premises so remaining unredeemed, either to the original purchaser or to the creditor who may have acquired the title of such original purchaser as to the creditor who may have purchased such title from any other creditor, as the case may be, “ which conveyance shall be valid and *168 effectual to convey all the right, title and interest which was sold by such officer.”
The act of March 23, 1867 (7 Edmonds’ Gen. Stat. p. 60), did not enlarge the power while it designated additional officers who should execute the power, especially a succeeding sheriff in case of death or disqualification of the sheriff who sold; but the duty is again stated to be “to execute a deed of the estate so sold, it remaining unredeemed.”
The inference that seems to come from these statements, viz. : that the sheriff, having no power to sell redeemed land, conveyed nothing by executing a deed to the purchaser’s assignee, Tindall, to whose rights the defendant succeeds, is met by the counsel for defendant, by the statute of November 30, 1847 (4 Edm. Gen. Stat. 630). The important sections are the 5th and 6th: “Whenever any redemption shall have been made, of any real estate so sold, it shall be the duty of the officer making such sale, or any other person who may lawfully act in his behalf, to execute to the person making such redemption, his certificate, truly stating all such facts transpiring.” . Section 6 is, “ Such certificate may be proved or acknowledged as deeds are required to be, to entitle them to be recorded, and being duly recorded in the clerk’s office of the county where the real estate so sold is situate, shall have the same effect as against subsequent purchasers, and incumbrances, as deeds and conveyances duly proved and recorded; and such certificate or the record thereof, .... shall be received in all courts and places, as prima facie evidence of the facts therein stated.”
It seems to me that this statute, after a liberal construction of all it expresses and all it implies, in favor of its object, cannot be held to modify that part of the statute that gives the sheriff, or his successor, the *169 power to sell. It must modify (if it do so at all) by way of repeal, on account of its repugnancy to the former statute. If there be a repeal, what words are repealed ? If the words repealed are those that describe the circumstances under which the power shall be exercised, the result will not be to re-enact a new condition where he may sell, and he will have no power.
Affirmatively, section 6, says, that a certificate acknowledged “and being duly recorded,” “shall have the same effect as against subsequent purchasers and incumbrances, as deeds and conveyances duly proved and recorded.”
Under the recording act, 1 R. S. (1 Edm. Ed. 707) p. 56, §1, “Every such conveyance not so recorded, shall be void as against any subsequent purchaser in good faith and for a valuable, consideration of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded.”
That is, the positive effect of a deed recorded, is confined to its giving title to a bona fide purchaser from the' grantee in the recorded deed to the estate of the grantor of that recorded deed, provided that the grantor has not already conveyed by a deed on record.
So the positive effect of recording a certificate of redemption would be that it would justify a bona fide purchaser taking the title of the person therein shown to have redeemed, provided another certificate of a later redemption were not already recorded. This is no re-enforcement of the sheriff’s power to make the deed to the defendant’s grantor, because he did not take the title of any redeeming creditor or debtor, but of a purchaser through assignment. The negative or annulling effect of a recorded deed, is to render void an unrecorded deed, which, if recorded, would have given notice of facts impairing the force of the deed actually *170 recorded. To follow the analogy, the certificate of redemption would be notice of the fact therein estated. If a creditor, he would give notice that a sheriffs deed, upon a prior redemption by a creditor, was void. If the debtor, he would give notice that a deed by the sheriff to any, would be void, whether to purchaser or redeeming creditor. Before the statute of 1847, the redemption by debtor or his grantee within twelve months from sale absolutely annulled the right of the sheriff to sell. If he conveyed to a purchaser, the conveyance was null. No creditor could redeem, and his attempted redemption was null. If the debtor did not redeem, then there would be some one, either a purchaser or his assignee, or a redeeming creditor, who would be entitled to a deed from the sheriff. The power of the sheriff to convey to some one would be valid and perfect, and the contest, if there were one, would be as to who should have the conveyance. When I consider that there are important sections unrepealed (unless it may be by implication, which is not to be entertained unless in an extreme case of repugnancy), which provide for the sale under execution being null and void, I come to the conclusion that section 6 was intended to determine who should have the right to a conveyance, when the sheriff had remaining a power to convey, and was not meant to.make any new rule as to the.sheriff’s power to convey.
I agree with the learned counsel for the plaintiff that the correct result would be to confine section 6 to certificates of redemption made by creditors, if Livingston v. Arnoux (56 N. Y. p. 507), did not say that it also extended to redemption by debtors, and therefore a conclusion will be confined to considering whether, under any construction of section 6, the sheriff has any power to convey if a debtor has competently redeemed. If we view in a large way the effect of the statute, as *171 allowing a person to get a deed from the sheriff, conveying the same rights as he would competently get, provided the facts did not exist of which he would have notice, if the certificate of a redemption by a debtor were recorded, it would be by deeming that the debtor’s omission to file his certificate was a waiver of his rights under the redemption, and that, as to him, the land which the sheriff sold would be deemed unredeemed. But before such a result could be reached, we have to say, that section 6 intended to put the debtor upon his election, to give notice by recording his certificate or to waive his rights under a redemption by him.
A construction that would compel a waiver or work a forfeiture of the rights in question, by an act in pais, should be avoided if possible. The law supposes that when the object is to divest such rights., that clear language will be used.
In the present case the owner of the fee did not do any act which the assignee of the purchaser might rely on in taking his assignment. He omitted something, viz., to file a certificate. He had paid the money to the sheriff for the use of the purchaser, as he was directed to by law. That fact satisfied all the purchaser’s claim. It would not be a violation of the analogies of the law to say that the assignee of the purchaser cannot get more than the purchaser had, and it can hardly be doubted that the purchaser would have no right to the title as against the debtor. If the statute has said otherwise that is sufficient.
The recording act had said that every conveyance shall be recorded, and if not it shall be void against subsequent purchasers. Section 5 of the act of 1847 did not make it a duty to get a certificate, nor to have it acknowledged or recorded; but such certificates may be proven, and if they are, on being duly recorded shall have the effect described.
*172 Before this there was no duty on the part of a debtor to file a certificate. This statute did not inform subsequent purchasers that by it such became the duty of the redeeming debtor; and therefore I do not think an omission to record resulted in a forfeiture or waiver of the debtor’s rights under his redemption.
If it did not, then the statute annulling the sale when the debtor redeems, is in force, and further, the land has been redeemed, and the statute enabling the sheriff to sell only unredeemed land, has the full force of the plain meaning of its language.
Is there a great hardship here? I think not, for the fact of redemption may be ascertained, except in cases of neglect of duty by the sheriff, which the law will not presume, by ascertaining from him whether the debtor has paid the money within twelve months from the sale under execution.
The plaintiff should have judgment with costs, but not an allowance.
There may be an appeal in this case.
After the foregoing decision had been rendered, the plaintiff’s counsel discovered that the judge had granted interest only from the commencement of the suit, and moved to correct his decision by granting interest from the time the money was paid, which would make a difference of about $8,000 in plaintiff’s favor.
George A. Black (Scudder & Carter, attorneys), for the motion,—Urged in substance, that the statute alone conferred the right of action, and that it gave the right to “sue and recover” the money “with lawful interest and costs of suit,” &c. That the right to recover the interest antedated the suit, or else one could not sue for the interest.. That this statute was *173 perhaps the only one giving interest; that it escaped the attention of Senator Spencer, in Rensselaer Glass Factory v. Reid, 5 Cow. 587. See also, Ruckman v. Pitcher, 20 N. Y. 14; McCormick v. Penn. Cent. R. R. Co., 49 Id. 315; McCollum v. Seward, 62 Id. 318; Mailler v. Express Prop. Line, 61 Id. 316; Purdy v. Philips, 11 Id. 406; Graham v. Chrystal, 2 Abb. Ct. App. Dec. 363.
Isaac L. Egbert, opposed.
The motion was granted in April, 1877, and it was ordered accordingly.