WILLSIE v. RAPID VALLEY HORSE-RANCH CO.

1. The lien of a docketed judgment constitutes, in the ordinary sense of the term, an incumbrance upon real property.

2. A judgment rendered in an action against an insolvent corporation on the day service of summons was obtained, for the full amount claimed, with costs, upon an offer made by an attorney at the suggestion of the president of said corporation, after an assignment had been made for the benefit of creditors, and while an injunction was in full force restraining said corporation, its officers, and agents from in any manner incumbering any of its real or personal property, was properly vacated on motion of the assignee and officers of the corporation not assenting thereto, for the purpose of allowing said corporation and assignee thereof to answer and defend upon a ground which, if established, would be amply sufficient to defeat a recovery.

(Syllabus by the Court. Opinion filed May 24th, 1895.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action to recover for service performed and money advanced. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*James W. Fowler* and *Charles W. Brown*, for appellant.

A president and general manager of a corporation has implied powers to engage and discharge counsel. 1 Beach Cor. 204; Boone, Cor. 144; Weeks' Attys. 290; Davis v. Railroad, 22 Fed. 883; American v. Oakley, 9 Paige Ch. 497; Reno v. Leete, 17 Nev. 203; Richard v. Railroad, 15 Nev. 177; Foulke v. San Diego, 51 Cal. 365; Crowley v. Genesee, 55 Cal. 273; Alexandria v. Swan, 5 How. 83; Bank v. Patterson, 7 Cranch. 299.

A party cannot in equity find relief from the consequence of his own negligence or mistake of the law, or that of his attorney employed in the management of a case.    Freeman Judg. 500; Devenbaugh v. Nipeo, 29 N. E. 923; Garrigan v. Dickey, 27 Id. 713; Williams v. Simmons, 7 S. E. 133; Graves v. Long, 9 S. W 297; 1 Am. and Eng. Ency. Law, 955; Haight v. Greene, 19 Cal. 118; Mulholland v. Heyneman, 19 Cal. 605; Ekel v. Swift, 47 Id. 620; Smith v. Tunstead, 56 Id. 177; Hamilton v. Wright, 37 N. Y. 502; Brown v. Nichols, 42 Id. 27; Seale v. McLaughlin, 28 Cal. 669; Winchester v. Grosvenor, 48 Ill. 517; Strickler v. Field, 9 Ia. 366; Holmes v. Rogers, 13 Cal. 192; Lewis v. Sumner, 13 Metc. 269.

The president of a corporation has no power to make an assignment for it without authority from the corporation by resolution naming the assignee.    § 2926 Comp. Laws; 1 Beach Corp. § 202; 4 Am. and Eng. Ency. Law, 238; England v. Dearborn, 141 Mass. 590; Goshwiler v. Willis, 33 Cal. 12; Southern v. Bustameula, 52 Id. 192; Bliss v. Karreah, 65 Id. 502.

The failure to make and file an inventory and affidavit required by statute within twenty days after the execution of a voluntary assignment renders it void as to all the creditors of the assignor.    §§ 4667 and 4672, Comp. Laws; Farmer v. Cobban, 29 N. W. 12; Wright v. Lee, 2 S. D. 596, 4 S. D, 237; Cannon v. Deming, 3 S. D. 421; Landauer v. Conklin, 3 S. D. 462; Mather v. McMillan, 60 Wis. 547; Haben v. Harshaw, 59 Id. 403; Farwell v. Grundy, 52 Id. 268; Steinlein v. Halstead, 52 Id. 289; Heelan v. Hoaghand, 7 N. W. 282; Shelby v. Bacon, 10 How. 56.

A motion to vacate a judgment is addressed to the sound legal discretion of the court and its action will be reversed in case of manifest abuse of such discretion.    1 Black Judg. 354; Evans v. Fall River, 4 S. D. 119; Bailey v. Taaffe, 29 Cal. 424.

*Wood & Buell, Ole L. Snyder, S. J. Parsons* and *W. O. Temple,* for respondents.

A judgment procured by a fraud and collusion is voidable and will be set aside on the application of the injured party.    1 Black

Judg. 321; Zellerbach v. Allenberg, 67 Cal. 296; Barrett v. Graham, 19 Cal. 632; Beach v. Beach, 43 N. 701; Nimoks v. Cape Fear, 14 S. E. 622; Griswold v. Lee, 1 S. D. 531; Vilas v. Plattsburg, 25 N. E. 941; Yost v. Mench, 21 Atl. 507. An insolvent corporation cannot pay an antecedent debt due to a director in preference to other creditors either by confession of judgment or otherwise. Cook Stockholders, 661; 1 Black. Corp. 241; Olney v. Land, 5 L. R. A. 361; Haywood v. Lincoln, 26 N. 184; Beach v. Miller, 14 N. E. 698; Williams v. Patrons, 5 West, 105; Adams v. Kehlor, 36 Fed. 212; Lippincott v. Shaw, 25 Id. 577; White v. Pettes, 30 Id. 864; Hill v. Pioneer, 18 S. E. 107; Stratton v. Allen, 16 N. J. Eq. 229; Corbett v. Woodward 5 Sawyer, 403.

The president of a corporation has no authority to confess judgment against it and cannot authorize an attorney to do so. 17 Am. and Eng. Ency. L. 130; Joliet v. Ingalls, 23 Ill. App. 45; Stokes v. New Jersey, 46 N. J. L. 237; Cook Stockholders, 754; Nimocks v. Shingle, 14 S. E. 622. Courts of record may set aside judgments for fraud or collusion after the expiration of the term at which the judgment was rendered, on application of the party injured. Taylor v. Sindall, 34 Md. 38; Humphreys v. Raun, 8 Watts, 78; Mayberry v. McClurg, 51 Mo. 256; Melick v. Bank, 52 Ia. 94; Com. v. Whiteside, 6 Humph. 47; *In re* Fisher, 15 Wis. 511; Dial v. Farrow, 36 Am. Dec. 267.

Judgments are under the plenary control of the court which pronounces them during the entire term at which they are rendered and may be set aside, vacated, modified or annulled by the court during such term for cause shown. 1 Black Judg. 305; State v. Sowder, 22 Pac. 425; Robinson v. Comm. 12 Md. 132; Ruthford v. Pope, 15 Md. 579; Taunshend v. Chew, 31 Id. 247; Green v. Railroad, 11 W. Va. 685; Helley v. High, 29 W. Va. 381; Frayley v. Feather, 46 N. J. L. 429; Sagary v. Bayless, 13 Sm. & Mar. 153; Barker v. Justice, 41 Miss. 240; Pattison v. Josselyn, 43 Id. 373; Ashley v. Hyde, 5 Ark. 100; McKnight v. Strong, 25 Id. 212; Underwood v. Sledge, 27 Id. 295; Ralston v. Lothain, 18 Ind. 303; Taylor v. Linck, 9 Ia. 444; State v. Treas. 43 Mo. 228;

Rankin v. Lawton, 17 Mo. App. 574; Ballard v. Purcell, 1 Nev. 342; Martin v. Skehan, 2 Col. 614; Volland v. Wilcox, 17 Neb. 56. An affidavit of merits to open up a judgment must set forth the facts constituting the proposed defense. Palmer v. Rodgers, 70 Ia. 381; Lamb v. Nelson, 34 Mo. 501; Castilio v. Bishop, 51 Id. 162; Foster v. Martin, 20 Tex. 118; Roberts v. Corby, 86 Ill. 182; Frost v. Dodge, 15 Ind. 139; Railroad v. Gates, 23 Ind. 238; Goldsberry v. Carter, 28 Ind. 59. Although the defendant failed to file an inventory in connection with its assignment within the time required by law, the assignment is nevertheless good as to assenting creditors. Connor v. Deming, 3 S. D. 421; Seal v. Duffy, 45 Am. Dec. 891; Mather v. McMillan, 19 N. 440. An assignee should intervene in an action in order to prevent a fraudulent judgment against the estate. Loos v. Wilkinson, 110 N. Y. 195; Ball v. Slafton, 98 N. Y. 622; Kitchen v. Lowry, 6 Id. 867; Smith v. Payne, 3 Id. 826; Moor v. Williamson, 15 Atl. 587; Morrill v. Ressler, 33 N. 117; Pillsbury v. Kinyon, 36 Am. 556; Chapin v. Jenkins, 34 Pac. 1084.

FULLER, J. As the assignee of a claim of $10,397.30, for services performed and money advanced and loaned to the defendant corporation by M. H. Day, its president and general manager, between December 1, 1890, and the 1st day of December, 1892, plaintiff commenced an action by the service of a summons and complaint upon A. W. Bangs, a director of the defendant, on the 20th day of January, 1893, and on the following day James Boyd, an attorney employed by said M. H. Day, as president of the defendant, appeared in the action, and offered to allow judgment to be rendered in favor of plaintiff and against the corporation for the full amount claimed, together with costs, which offer was thereupon accepted, and judgment was accordingly entered on said 21st day of January, 1893. On the 17th day of the following month, during the term of the circuit court at which said judgment was entered, an application to the judge of said court for an order vacating and setting aside the judgment, and for permission to ans-

wer and defend in the action, was made, upon due notice to plaintiff, and the motion therefor was based upon the records and files in the action, a proposed answer of the defendant corporation, duly verified by its secretary, an answer by Henry E. Bailey, the assignee of said corporation, and various affidavits relating to alleged irregular conduct on the part of certain officers of the defendant corporation; and, in resisting said motion, numerous affidavits were presented on the part of the plaintiff. At the hearing, an order was entered allowing the defendant, the Rapid Valley Horse-Ranch Company, and Henry E. Bailey, assignee, to answer and defend in said action, and directing that the cause be placed upon the calendar for trial at the March, 1893, term of the circuit court, and continuing said judgment in full force and effect for the protection of plaintiff's rights until the final determination of the action, provided the cause be brought on by plaintiff for trial at said March term of court. From an order entered by the circuit court overruling a motion to vacate and set aside the foregoing order, made by the judge thereof at chambers, plaintiff appealed. On the 11th day of April, 1893, at and during the regular March term of the circuit court, counsel for plaintiff gave notice in open court that the action would not be brought on for trial at said term, and, on motion of counsel for defendant corporation and the assignee thereof, it was thereupon by the court ordered and adjudged that the judgment herein be vacated and set aside, and from the order thus entered plaintiff perfected and prosecutes in this court a second appeal. Both appeals will be disposed of in one opinion, as the abstract and briefs in each case are substantially the same, and, as we view it, the order of the court vacating the judgment, if sustainable, leaves the question of the first order by the judge of no interest to either party.

It clearly appears that the defendant was hopelessly insolvent at the time judgment herein was entered, and that a deed of assignment, in which Henry E. Bailey was named as grantee in trust for the benefit of creditors, had, previously to the commencement of this action, been executed by said corporation pursuant to

a resolution of its board of directors at a regular meeting thereof, held on the 30th day of December, 1892, and although 20 days thereafter had elapsed, and the assignor had failed to file with the register of deeds an inventory, as required by section 4667 of the Compiled Laws, such action on the part of the corporation, if not otherwise material, is indicative of its financial condition, and accounts for the application of Henry E. Bailey, as assignee, to be permitted to answer and defend in this action. That the judgment by confession was obtained by fraud and collusion of plaintiff and certain officers of the defendant corporation, and that said corporation was never in any manner indebted in any sum to plaintiff, nor his assignor, M. H. Day, and that an execution had issued upon said judgment, and the property of said corporation in the hands of the assignee for the benefit of creditors had been seized and advertised for sale in satisfaction of said judgment, was the theory upon which he moved to have said judgment vacated and set aside. In Nichols v. Kribs, 10 Wis. 68, it was said that "an assignee, for the benefit of creditors, may attack the validity of a judgment entered upon the confession of his assignor," and we see nothing to prevent the assignee from joining with the assignor in a motion to vacate a judgment and allow the defendant to answer, when such application is supported by proposed verified answers and affidavits, which, if true, are amply sufficient to show a degree of irregularity, collusion and fraud that would justify a court in finding such judgment to be nugatory and void. As between the immediate parties, the assignment would be valid, although no inventory was filed within the time required by law; and, if it be true that plaintiff is not a creditor of the assignor, he is in no position to assail, by affidavits in a proceeding of this character, the validity of the assignment, which is *prima facie* valid as between the grantor and grantee.

While satisfied, from an examination of the record, that the showing made was sufficient to justify the order vacating and setting aside the judgment, the view which we are disposed to take concerning a certain unchallenged order which was in full force at

the time the offer of judgment was made and accepted obviates the necessity of considering questions touching the veracity of the numerous persons whose affidavits were offered and read in support of and in opposition to the granting of the order under consideration. On the 19th day of January, 1893, in an action then pending in the circuit court against defendant, the Rapid Valley Horse-Ranch Company, the following order, of which James Boyd, the attorney at law who made the offer of judgment on defendant's behalf in this case, had knowledge, was entered and duly served upon the defendant: "On the summons and complaint herein, and on the reading and filing of the affidavit of Charles L. Allen, plaintiff, let the defendant, the Rapid Valley Horse-Ranch Company, show cause before me at my chambers at the court house, in the city of Rapid City, South Dakota, on the 25th day of January, 1893, at 9 o'clock a. m., or as soon thereafter as counsel can be heard, why a receiver should not be appointed by the judge of this court, in which the aforesaid action is pending, with the usual powers and duties. And, in the meantime, that the said defendant, the Rapid Valley Horse-Ranch Company, its agents, servants, and employes, be enjoined and restrained from disposing of any of its property, either personal or real, and from in any manner incumbering the same. Done at chambers, in Rapid City, South Dakota, this 19th day of January, 1893. WILLIAM GARDNER, Judge of the Seventh Judicial Circuit." Waiving for the present all other objections relied upon by respondent, and assuming the judgment to be otherwise unobjectionable, and without going to the extent of declaring the same void because entered in violation of a restraining order, at the instance of an attorney employed by the president of the corporation defendant, we are disposed to regard that fact alone sufficient to justify an order vacating and setting aside a judgment thus obtained. The offer of judgment, under the circumstances of this case, for the full amount claimed, together with costs, 30 days before the expiration of the time to answer, is not only suggestive of unusual promptness, but, in our opinion, a violation of the spirit, if not

the letter, of that portion of the order enjoining and restraining the defendant herein, its agents, servants, and employes, from in any manner incumbering any of its property, real or personal. Mr. Anderson, in his Dictionary of Law, defines an incumbrance to be "a burden; an obstruction or impediment; anything that impairs the use or transfer of property."—and says, at page 533, that: "He who places a charge upon his interest in realty, as a mortgage or judgment confessed, is an incumbrancer." Defendant's assets consisted in part of real property, and the lien of the docketed judgment, like the lien of a mechanic, constituted an incumbrance thereon, in the ordinary sense of the term. In Redmon v. Insurance Co., 51 Wis. 292, 8 N. W. 226, the court says: "It is insisted that, in this application, the word 'incumbrance' is used in the popular, and not in the technical, sense. No case has been cited making such distinction in the use of the word 'incumbrance.' Webster defines an 'incumbrance' to be 'a burdensome and troublesome load,' and, again, 'a burden or charge upon property; a legal claim or lien upon an estate.' It will hardly be claimed that Webster did not define the word for the use of the populace, or that he only intended such word to include mortgages. Certainly, judgments duly rendered and docketed must be regarded as incumbrances, as used in popular speech." If the officer of the defendant corporation, by whose direction and solicitation the judgment was in effect confessed by an attorney at law, was unauthorized to make such offer, the judgment was for that reason properly vacated and set aside, and, in any event, the action of the court must be sustained for the reason that the offer to allow the judgment to be entered was in violation of a restraining order at that time in full force and effect. Uho v. Railroad Co., 3 S. D. 563, 54 N. W. 601. From a recent New Jersey case (Bissell v. Besson, 22 Atl. 1077) we quote the following: "A mortgage executed by a debtor corporation to certain creditors, in violation of a temporary injunction granted in a suit by those creditors for the appointment of a receiver, is an absolute nullity, and acquires no validity from the subsequent dismissal of the suit with the con-

sent of the creditors." To the same effect see Lash v. McCormick, 14 Minn. 482 (Gil. 359); Ward v. Billups (Tex. .Sup.) 13. S. W. 308; Ackerman v. Manufacturing Co., 16 Wis. 155. As the authority of counsel to move to vacate the judgment sufficiently appears, and the conclusion here reached is decisive of both appeals, other points relied upon and discussed in the briefs of respective counsel in regard to the form and substance of the order vacating the judgment become immaterial, and will receive no further consideration. The order of the trial court vacating and setting aside the judgment entered on the 21st day of January, 1893, and allowing the defendant corporation to answer, and the assignee thereof to intervene as a party defendant, is affirmed.