## SCAMAN V. GALLIGAN *et al.*

1. A mortgage executed by a party who has been enjoined from transferring or encumbering his property, real and personal, until the further order of the court, is not valid as against the interest of the plaintiff, in whose behalf the injunction order was granted, in the hands of a party having actual notice of the injunction order at the time the mortgage was so executed.

2. Where property of a judgment debtor has been sold for less than the amount of the judgment, and redeemed from such sale by the judgment debtor, the property may again be sold on a second execution issued on the same judgment for the balance due thereon.

3. It is not essential that the jurisdiction of a superior court should affirmatively appear in the judgment roll. If it does not, and the contrary does not therein affirmatively appear, jurisdiction will be presumed.

(Syllabus by the Court. Opinion filed Feb. 26, 1896.)

Appeal from circuit court, Clark county. Hon. J. O. ANDREWS, Judge.

Action by Dora L. Scaman against Edward M. Galligan and Mattie Galligan upon a promissory note and to foreclose real estate mortgage securing same. There was a judgment in favor of the latter defendant, and from an order denying a new trial plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*F. E. Strawder, F. G. Bohri* and *C. X. Seward,* for appellant.

Motion for injunction after issuance of summons must be made upon affidavits and a copy of the affidavit must be served with the injunction. Comp. Laws, § 4986; Falkenburg v. Lucy, 35 Cal. 52. Injunction not binding until served. Verbal notice

insufficient.  Elliot v. Osborne, 1 Cal. 396.  A cross-complaint, like a complaint, must in itself state all the requisite facts to entitle the defendant to affirmative relief, and defects in it cannot be cured by the averments of any of the other pleadings in the action.  Kreichbaum v. Melton, 49 Cal. 50; Coulthurst v. Coulthurst, 58 Cal. 239; Haskell v. Haskell, 54 Cal. 262; Collins v. Bartlett, 44 Cal. 381; Comp. Laws, §§ 2576, 2578, 2579.

Jurisdiction of the person is conclusively presumed in a collateral proceeding, unless, as in this case, the record shows the contrary.  Carpenter v. City of Oakland, 30 Cal. 440; Forbes v. Hyde, 31 Cal. 342; Hahn v. Kelly, 34 Cal. 391; 5 Am. & Eng. Ency. of Law, 842-843.  Cavanaugh v. Smith, 84 Ind. 380-382; Miltimore v. Miltimore, 40 Pa. St. 151-152.  Every state makes its laws for, and has the right to control the domestic status of those who make their home in it.  Cook v. Cook, 56 Wis. 195; Strader v. Graham, 10 How. (U. S.), 82-93; Thompson v. State, 28 Ala. 12-18; Hunt v. Hunt, 72 N. Y. 217, 227, 239.  Domicile alone governs status.  Hunt v. Hunt, 72 N. Y. 217-226; Dutcher v. Dutcher, 39 Wis. 651-657; Doughty v. Doughty, 28 N. J. Eq., 581-586; Barber v. Root, 10 Mass., 260-266; Jenness v. Jenness, 24 Ind. 355-359; Harding v. Alden, 9 Me. 140-150; Keerl v. Keerl, 34 Md. 21-26.

*J. W. Wright, S. A. Keenan* and *C. G. Sherwood*, for respondents.

Where a party claims the evidence is insufficient to justify the verdict or findings, he must specify the particulars in which such evidence is insufficient.  Comp. Laws, § 5081; Holcomb v. Keliher, 3 S. D. 497, 54 N. W. 535; Gaines v. White, 1 S. D. 434; 47 N. W. 524; Wood v. Nissen (N. D.), 49 N. W. 103.  Verbal notice of the injunction was sufficient.  Poertner v. Russell, 33 Wis. 193; Howe v. Willard, 40 Vt, 654.  While fraud is never to be presumed, yet if a transaction is shown to be fraudulent on the part of one of the actors, then it is not incumbent on the party attacking the transaction to prove the fraud of the other actor claiming under him.  Richard v. Vac-

caro, 67 Miss. 516. The burden of proof under the pleadings was on appellant to show that the consideration of said mortgage was both valuable and adequate and that the same was taken without any notice of fraudulent purpose on the part of the mortgagor, Edward M. Galligan. Mobile Sav. Bank v. McDonnell, 89 Ala. 434; Webber v. Rothchild, 15 Ore. 385; Blatchard v. Tyler, 12 Mich. 339. Conveyance to defeat alimony is fraudulent as to the wife. Green v. Adams, 59 Vt. 602; Feigley v. Feigley, 7 Md. 537; Chase v. Chase, 105 Mass. 387. If the court erred in refusing to direct a verdict, the error was waived when appellant failed to renew the motion after all the testimony was in. Bowman v. Eppinger (N. D.), 44 N. W. 1000; Illstad v. Anderson (N. D.), 49 N. W. 659. Unless it affirmatively appears from the judgment roll that the court did not have jurisdiction, it must be presumed that the court did have full and complete jurisdiction. Hahn v. Kelly, 34 Cal. 391; Yenaivine v. Richter, 43 Cal. 314. To entitle the court to take jurisdiction, it is sufficient for one of the parties to be domiciled in the country, both need not be; neither need the citation, when domiciled is plaintiff, be served personally on the defendant, if such personal service cannot be made. Tolen v. Tolen, 21 Am. Dec. 742, note; 2 Bishop M. & D., §§ 156-171; Hubbell v. Hubbell, 62 Id. 702; Gleason v. Gleason, 4 Wis. 65; Shafer v. Shafer, 42 Id. 376; Cook v. Cook, 56 Id. 204, 219. "Wisely or unwisely, it is the policy of the statute to rest jurisdiction of divorce upon the residence of the plaintiff alone." § 2578, Comp. Laws; Dutcher v. Dutcher, 39 Wis. 657; Hood v. State, 56 Ind. 270; People v. Dawell, 25 Mich. 272; Jenness v. Jenness, 87 Am. Dec. 335. A decree for alimony may be declared a lien on real property of the husband, even upon the homestead. 2 Lawson's R. R. and P. § 798; Blankenship v. Blankenship, 19 Kan. 159. The debtor cannot claim exemption on a judgment for alimony. 2 Lawson's R. R. and P., § 798; Menzie v. Anderson, 65 Ind. 239.

CORSON, P. J.    This was an action to foreclose a real estate mortgage executed by the defendant Edward M. Galligan to the plaintiff, Dora Scaman.    The defendant Edward M. Galligan made no defense, but the defendant Mattie Galligan answered, and judgment was rendered in her favor.    A motion for a new trial was made and denied, and from an order denying the same the plaintiff appeals.

Mattie Galligan, in her answer, states, in substance, that in the year 1888 the said Edward M. Galligan commenced an action for divorce against her, in the then district court in and for Clark county; that in July, 1888, said district court granted an order requiring the said Edward to pay this defendant a certain sum as alimony pending the action, and restraining and enjoining the said Edward from transferring or incumbering his property, real or personal, until the further order of the court; that said order was duly served upon the said Edward on or about the 23d of July, 1888; that said money has not been paid, and that the said order has at all times remained in full force and effect, that said divorce action was tried in June, 1891, and a decree of divorce was duly granted to this defendant, Mattie Galligan, together with a judgment against the said Edward for $75 temporary alimony, and $600 permanent alimony, and the costs of the action; that on or about August 15, 1891, an execution was duly issued upon said judgment, under and by virtue of which the property described in plaintiff's mortgage in this action was sold and bid in by the said Mattie Galligan for the sum of $1, costs and charges of sale; that the said sale was duly confirmed by the court, and certificate of sale duly issued by the sheriff thereon to the said Mattie Galligan.    The said Mattie Galligan further alleges that the plaintiff, at the time of the execution of the mortgage in controversy in this action, had actual notice of said order of injunction, and that said mortgage was given by said Edward M. Galligan for the purpose of defrauding the said Mattie Galligan of which the said plaintiff, through her agent, John A. Scaman,

had full notice; and the said Mattie Galligan concludes with a prayer that said mortgage be adjudged null and void, and cancelled. In a supplemental answer, she alleges, in substance, that the said Edward M. Galligan redeemed the property from the sale made to her, the said Mattie Galligan, hereinbefore set forth, and that a second execution was issued upon the said judgment in the divorce action, and the said property included in the mortgage in this action was again sold under and by virtue of said second execution, and bid off by the said Mattie Galligan for the sum of $420 and costs and charges of sale; that said sale was duly confirmed, a certificate of sale duly issued to her, and she was still the owner of the same. To recapitulate as to dates: The injunction ordered was made and served upon Edward M. Galligan in July, 1888; the mortgage in suit was executed in February, 1889; the divorce action was tried in June, 1891; and the sale of the property under the second execution was made December 10, 1892.

On the trial the defendant Mattie Galligan offered in evidence the injunction order made by the district court on July 23, 1888. This order was objected to on the ground that "the order was subsequently merged in the final decree." There seems to have been a stipulation made in connection with the offer as follows: "It is stipulated and agreed that the action of Galligan vs. Galligan, in which the injunction order was granted which has been referred to and offered in evidence, was pending at and prior to the granting of said injunction, and pending and undetermined from that time until the decree which has been offered in evidence was rendered, and all of the time." The order, with this stipulation, was properly admitted. The evident purpose of offering the order was to prove that, at the time the defendant Edward M. Galligan executed the mortgage in suit, he was enjoined from selling or incumbering his property. This the order, in connection with the stipulation, tended to prove; and it was not material that the injunction order was subsequently merged in the judgment

or decree, if such was the legal effect.    The mortgage, being issued prior to the assumed merger, was not validated or affected by the subsequent decree; and, being executed while the injunction order was in full force and effect, it was not valid, as against Mattie Galligan, in the hands of any mortgagee who had actual or legal constructive notice of the restraining order, for the reason that the said Edward M. Galligan was, by reason of the injunction order, incapacitated from making a valid mortgage, as against her, to any person having actual or legal constructive notice of the injunction order.    1 High, Inj. § 338; 2 Story, Eq. Jur. § 908; Greenwald v. Roberts, 4 Heisk. 494; Willsie v. Ranch Co. (S. D.) 63 N. W. 546.    The injunction order, with the sheriff's return of personal service upon said Edward M. Galligan, constituted an important link in defendant's evidence, to show the invalidity of plaintiff's mortgage as against the defendant Mattie Galligan, followed, as it was, by evidence that John A. Scaman, the husband and agent of the plaintiff, had actual notice of the injunction order when the mortgage in suit was executed.

The defendant next offered in evidence the judgment, execution, and return of the sheriff in the action of Galligan v. Galligan, which were admitted in evidence against the objection and exceptions of the plaintiff.    By this judgment, Mattie Galligan was granted a divorce against the said Edward M. Galligan, and a judgment for $675 for temporary and permanent alimony, and the costs of the action.    It was further adjudged and decreed that said judgment, from and after its date, should constitute a lien upon the land of said Edward M. Galligan and all improvements thereon.    Whether or not this clause had any effect it is not material to inquire, as the judgment constituted a lien, when docketed, upon the real estate of said Edward M. Galligan.    By the sheriff's return on the execution, it appears that the real estate included in plaintiff's mortgage was sold under said execution, and bid in by Mattie Galligan for one dollar and costs and charges of sale.    It is admitted that this

sale was duly confirmed by the court, and subsequently re-deemed from such sale by the judgment debtor, Edward M. Galligan. We do not clearly perceive the object or purpose of offering this execution and return thereon as evidence on the part of Mattie Galligan, and it is somewhat difficult to discover any theory upon which they were admissible. But, if it was error to admit them, it was error without prejudice, and need not be further considered. The judgment was properly admitted, as it conclusively proved that said Mattie Galligan had secured a lien upon said Edward M. Galligan's property by reason of the injunction order, superior to that of the plaintiff, assuming, as the court found, that the plaintiff took her mortgage with notice of the said injunction order.

The defendant Mattie Galligan next offered in evidence a second execution issued upon said judgment, and the return of the sheriff thereon, from which it appeared that the same property was again sold under the second execution, and bid in by the said Mattie Galligan for $420. This sale was also confirmed and a certificate of sale issued to said Mattie Galligan, which at the time of the trial had not been redeemed from sale. This execution and return were also admitted against the objection and exception of the plaintiff. The question therefore presented is: Can a second execution be issued upon the same judgment, and be levied upon the same real property sold under a former execution, and redeemed by the judgment debtor from the former sale? The Code of this state provides for a redemption of property sold by two classes of persons. The first class includes the judgment debtor and his successors. The second class includes creditors having liens by judgments or mortgages subsequent to that on which the property has been sold, and this latter class is termed "redemptioners." Comp. Laws, § 5150. The effect of a redemption by the judgment debtor is thus stated in Sec. 5155, Comp. Laws: "If the debtor redeem, the effect of the sale is terminated, and he is restored to his estate." The section then provides for the manner of canceling

the sale upon such redemption by the debtor. There would seem to be no valid reason why a judgment creditor under whose execution a sale has been made for less than the amount of his judgment, and which has been redeemed by the judgment debtor should not have the right to issue a second execution, and sell the same property again after a redemption by such debtor. If the first sale is terminated, and the debtor is restored to his estate, the judgment for the unpaid balance still remains a lien upon the property. This seems to have been the view taken of a similar statute by the court of appeals of New York. In Bodine v. Moore, 18 N. Y. 347, on page 351, the court says: "A redemption by the debtor renders the sheriff's sale null and void, as though it had never taken place. The very judgment on which the sale was had becomes again a lien, if it was not fully satisfied by the bid, and the land may be again sold." Phyfe v. Riley, 15 Wend. 248; Warren v. Fish, 7 Minn. 432, (Gil. 347); Settlemire v. Newsome, 10 Or. 446; Boyce v. Wight, 2 Abb. N. C. 163.

It is further contended by the appellant that the court erred in overruling appellant's objection to the following question: "Q. Mr. Wright, I will ask you to give, as near as you can, the conversation you had with John A. Scaman at the time you claim to have notified him of the pendency of this injunction of which you have already testified in the fall of 1888. (Objected to by plaintiff's counsel, as immaterial, on the ground that the relationship of principal and agent has not been shown to exist between these parties, and that John A. Scaman is not a party to this action.)" This objection was properly overruled. The additional abstract submitted by the respondent discloses the fact that there was a large amount of evidence tending to show that John a Scaman was acting as the agent of the plaintiff in loaning her money, and that he actually transacted the business resulting in the giving of the mortgage in suit, as her agent. At the time this evidence was introduced, the case was being tried before a jury, but subsequently, by

consent, the case was taken from the jury, and decided by the court. The court found that the said John A. Scaman was the agent of the plaintiff, and transacted all the business pertaining to this mortgage as her agent, and that, at the time the mortgage was executed, said John A. Scaman was fully informed of the existence of the injunction order. The objection, therefore, was not well taken.

The appellant, in rebuttal, introduced in evidence the answer or cross complaint of Mattie Galligan, in the action of Galligan v. Galligan, over the objections of the respondent; and she contends that it appears therefrom that the court had no jurisdiction to grant the defendant in that action a decree of divorce and alimony, for the reason that such cross complaint or answer shows that Mattie Galligan, the defendant in that action, was not a resident of the then territory at the time or prior to the filing of said cross complaint or answer. Waiving the question as to the admissibility of the answer or cross complaint, for the purpose of showing the want of jurisdiction in the court, without introducing in evidence the entire judgment roll, such cross complaint did not establish the fact that the court did not have jurisdiction to render the judgment and decree in that action. Such cross complaint did not affirmatively show that the court had not jurisdiction. It is not enough that the record of a superior court does not affirmatively show that the court has jurisdiction when the judgment is collaterally attacked, but the record must show affirmatively that the court had not jurisdiction; otherwise, the court's jurisdiction will be presumed. Richards v. Matteson (S. D.), 65 N. W. 428. See, also, Black, Judgm., §§ 270–279, inclusive, and cases cited. All that appears in said answer or cross complaint bearing upon this question is that certain acts of cruelty complained of are alleged to have been committed at Council Bluffs, in the state of Iowa; that the plaintiff, Edward M. Galligan, deserted her while there; and her prayer for alimony, which is as follows: "And, fifth, that all costs of this action, including

the necessary traveling expenses of this defendant from Council Bluffs, Iowa, to Clark county, Dakota, and return, for the purpose of attending the trial of this action, to be paid by said plaintiff, and that the court grant such other relief as to him seems just and right." These allegations and prayer for relief come very far short of showing affirmatively that said Mattie Galligan was not a resident of the then territory, when such cross complaint was filed, or had not been such for the period of 90 days prior thereto. But it may be a serious question whether any term of residence is required on the part of a defendant who defends in an action for a divorce, and who seeks and obtains affirmative relief in such an action. The provisions of the statute relating to divorces prescribe no term of residence for a defendant, but the term of residence required seems to be limited to plaintiffs only. It is not necessary, however, to decide that question in this case, for the reason, as before stated, that the cross bill does not show affirmatively that said Mattie Galligan had not resided in the territory for 90 days. This court will therefore presume, that, if such residence was necessary, satisfactory proof of that fact was made. This court concludes, therefore, that the execution of the mortgage in controversy by Edward M. Galligan, and its acceptance by the plaintiff, either personally or through her authorized agent, with knowledge that the injunction order had been made, constituted a contempt of the court's order, and rendered the mortgage invalid and of no force or effect as against said Mattie Galligan. The findings of the court, its conclusions of law, and judgment are correct. The court's order denying a motion for a new trial is therefore affirmed.