## GREEN v. SABIN *et al.*

Comp. Laws, § 5975, provides that, on appeal from the probate court on
    questions of both law and fact, the trial in the circuit court must be *de
    novo.*    An appeal was taken to the circuit court, on questions of both
    law and fact, from an order of the county court allowing the final report
    of a special administrator.    The circuit court reversed the order, and
    remanded the case for further proceedings.    *Held*, that though the cir-
    cuit court acted erroneously in failing to grant a trial *de novo*, its judg-
    ment was not void, and could not be collaterally attacked.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Meade county.    Hon JOSEPH
B. MOORE, Judge.

Action by William Green, administrator, etc., against Wil-
liam W. Sabin and others, to recover the amount of a judg-
ment in plaintiff's favor against defendants.    From a judg
ment for defendants, plaintiff appeals.    Reversed.

*O. W. Jewett* and *Temple & McLaughlin* for appellant.

*Wood & Buell* and *Rice & Polley*, for respondents.

FULLER, P. J.    The facts essential to a determination of
this appeal by an administrator from a judgment in favor of a
special administrator and his sureties, from whom he sought
to recover $262.60, may be stated as follows:    In the year 1895
William E. Green died intestate, and respondent William W.

Sabin was appointed, and entered upon the duties of, special administrator of the estate; having first filed a bond in which his co respondents were sureties. A hearing upon certain objections filed in county court to his final report resulted in an order adopting such report and discharging the administrator; and from this order an appeal was taken to the circuit court on questions of both law and fact, where a hearing was had, and the following order was entered: "It is ordered that the judgment of the county court approving the report of the special administrator made herein on the 4th day of June, 1896, be reversed, and that the following items of disbursements and accounts paid by said special administrator be not allowed, * * * and that the following items shall be allowed, provided it shall appear to the satisfaction of the said county court that the same were incurred by said special administrator in the care and preservation of said estate, * * * It is further ordered that the said William Green, as administrator of the estate of William E. Green, deceased, recover his costs of these proceedings on appeal, amounting to twelve and 60-100 dollars, to be taxed and inserted herein by the cerk of this court." Thereafter the county court to which the case was remanded, adopting the view of the circuit court, entered judgment against said William W. Sabin, special administrator, for the amount sought to be recovered in this action. At the conclusion of the trial of this cause, and upon findings of fact in accordance with the foregoing statement, about which there has never been any dispute, the circuit court made the following conclusions of law, and entered judgment accordingly: "(1) That the judgment and decree of the circuit court of the Eighth judicial circuit, made and entered on the 16th day of December,

1896, was void and of no force and effect; (2) that, on the appeal from the order of the county court allowing the final report of William W. Sabin as special administrator, the circuit court has no power or authority in law to grant a rehearing of any of the issues in the county court; (3) that the order of the county court made on the 5th day of April, 1897, was without authority of law and void; (4) that the defendant is entitled to judgment against plaintiff, dismissing plaintiff's cause of action on the merits, and for his costs. Let judgment be entered accordingly."

While the appeal from the county court to the circuit court was on both questions of law and fact, there were no issues of fact to be tried; the only question being whether, as a matter of law, Sabin could rightfully disburse moneys belonging to the estate, for the purpose of paying certain accounts allowed by the county court and rejected by the circuit court. The statute applicable to this case provides that: "When the appeal is on questions of law alone the appellate court may reverse, affirm or modify the judgment, decree or order, or the part thereof appealed from * * * and it may order a new hearing." Comp. Laws, § 5975. "When the appeal is on questions of fact or on questions of both law and fact, the trial in the circuit court must be *de novo.*" *Id.* § 5976. Comp. Laws, § 5980, is as follows: "When a judgment, decree or order from which an appeal has been taken. is wholly or partly affirmed, or is modified by the judgment rendered by the circuit court upon such appeal, it must be enforced, to the extent authorized by the latter judgment, by the county court, in like manner as if no appeal therefrom had been taken; and the circuit court must direct the proceedings to be remitted for that purpose to

the county court, or to the judge thereof." It must be borne in mind that upon collateral attack the trial court held that the former judgment of the circuit court, reversing in part the order appealed from, and remanding the case for further proceed ings in the county court, was entirely void and the subsequent judgment accordingly entered by the county court against Sabin for the amount that he had failed to properly account for a mere nullity. In view of the statute above quoted, and the fact that all the parties were at all stages of the proceeding before the court, the utmost that need be conceded is that the decision of the circut court reversing the order of the county court and remanding the case for further proceedings was erroneous. The circuit court having jurisdiction to try the case *de novo*, certainly had authority to render judgment against the special administrator for the amount not properly accounted for, together with the costs of the action, and, while irregular, such is the effect of the judgment. Now, if Sabin was dissatisfied with the judgment and order, he should have objected thereto and taken an appeal, as resort to a collateral attack is not a remedy which the law allows in such cases. The familiar and universal rule is that a court having no jurisdiction of either the parties or the subject matter of necessity acts in usurpation of power, and a judgment thus rendered without authority is a mere nullity; but where it has legal authority, as in this instance, to decide every question presented, its decision, though reached by erroneous exercise of jurisdiction, is binding until reversed, and not subject to collateral attack. Richards v. Matteson, 8 S. D. 77, 65 N. W. 428; Seaman v. Galligan, 8 S. D. 277, 66 N. W. 458; Jewett v. Sundback, 5 S. D. 111, 58 N. W. 20; 1 Black, Judgm. 118. The case of Sanier

v. Miller, 105 Ind. 393, 4 N. E. 867; involved an appeal from the board of county commissioners to the circuit court in proceedings to establish a ditch; and the court, instead of determining the questions presented, sent the cause back to the board, with an order to reassess as directed. While it was error for the circuit court not to make the assessment, and in remanding the matter to the board, the supreme court says that the order was not void for want of jurisdiction. In this case the parties were all before a court having jurisdiction of the subject-matter. The relief granted, so far as it relates to the rejection of certain items allowed by the county court, as well as the judgment for costs, was a matter clearly within the jurisdiction of the circuit court. The judgment appealed from is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.