JAMES MONAHAN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

January 16, 1903.

Nos. 13,303—(229).

**Trespasser on Railway Grounds.**

A trespasser in a railroad yard, intending to pass over a highway crossing the same and continue on the right of way, may cease to retain the illegal character of a trespasser, if, when entering upon the highway, he changes his purpose, and uses the street as an exit from the railway grounds.

**Evidence—Contributory Negligence.**

Evidence in this case considered, and *held* that it was a question of fact whether a minor was injured by being thrown down by a railroad car, or by falling therefrom while he was stealing a ride; also that it was an issue of fact whether such minor was guilty of contributory negligence when run over by a freight car at a railway crossing.

Appeal by defendant from a judgment of the district court for Hennepin county, Brooks, J., entered pursuant to a verdict in favor of plaintiff for $250. Affirmed.

*F. W. Root*, for appellant.

*F. D. Larrabee*, for respondent.

LOVELY, J.

A father brings this action for injuries to his minor son. He recovered a verdict. Defendant moved to set it aside and for

[1] Reported in 92 N. W. 1115.

judgment in its favor, which was denied. Judgment was entered for plaintiff, from which defendant appeals.

The verdict requires us to adopt the following conclusions: Plaintiff's son, a lad about twelve years of age, had the toes of his left foot crushed by the wheels of a moving freight car upon one of defendant's tracks crossing Garfield avenue, in Minneapolis. At the time of the accident the boy lived with his parents on Lake street, some distance south of the place of the injury. He was attending a school situated several blocks north of the tracks, and east of Garfield avenue. There were several other streets running north and south, parallel with Garfield avenue, over this place, where trains were made up and switching done, so that there was no necessity for the boy to use the defendant's right of way in going to and from school. But he and other lads were in the habit of doing so, though such a course was known to be dangerous. In the latter part of October of last year, plaintiff's son was returning from school with a companion. He entered upon defendant's right of way east of Garfield avenue, and walked along the south side of the north track until he was quite near that thoroughfare; it being his intention to cross the street and continue on the right of way for several blocks, when he proposed to pass therefrom to his home. Several switchmen were moving cars on the north track. They had been previously troubled by boys jumping upon the cars, and as the two lads passed, going north, one of them, probably fearing that these lads would do likewise, called out, "Get away from there, or I'll kick your pants," and started forward several steps, as if to follow them. The boys, instead of continuing north over Garfield avenue, then turned and ran south on that street, apparently to leave the right of way. At the same time a bunch of three cars, which had been detached and kicked easterly from a locomotive operating further west, were moving by the momentum thus acquired, coming upon the avenue at a very slow rate of speed, over a spur track, at the instant the boys were crossing the same. These cars were not under the control of a brakeman or any person having them in charge. The plaintiff's son claims that he did not notice these cars until he was halfway across the spur track. He excuses his fail-

ure to discover danger by the fact that the cars were not attached to a locomotive; also that he was running, while the cars were moving very slowly, when at the moment he was leaving the track he was struck by the nearest approaching car and thrown upon the south rail; the car wheel passing over a portion of his left foot, whereby he received the injuries complained of.

It is insisted on behalf of defendant that the evidence conclusively demonstrates that plaintiff's son was stealing a ride on the car and fell under the car at the time he received his injury. This is urged upon the appearance of the boy's left shoe, produced at the trial, and brought here, which shows the marks of a pronounced indentation on its sole. From this, in connection with the statement of plaintiff's son, counsel argued that such an indentation must have been made by the wheel, which view is consistent only with the theory that the sole of the shoe was turned upward, instead of downward, as stated by the boy himself, which would apparently have been his position if he fell from the car, instead of being thrown down by it. Defendant's theorizing based upon these premises is futile to change the result reached by the verdict. It does not absolutely follow that the boy knew exactly what occurred at the time, or the exact position of his foot when he fell, or while it was being crushed beneath the wheels of the car. And we cannot draw inferences based upon separate or incidental portions of the evidence, in the exercise of an ex post facto judgment, to usurp functions that do not belong to us. There was sufficient evidence to justify the finding of the jury that the statement by the boy that he was struck by the car and pushed under the wheels was correct, and their verdict must settle that issue.

It is further urged for defendant that the plaintiff's son had no right on Garfield avenue at the time he was injured; that having intended to cross from one portion of the railroad yard to the other upon this street, to pursue his journey to his home, he continued to be a trespasser all the time. Defendant relies upon the authority of Kelly v. Michigan, 65 Mich. 186, 31 N. W. 904, to support this view. In that case it was held that the intention of the injured party was not changed while passing from one side of the

right of way to the other, and that he was not using the street as a passageway, in the ordinary course of travel, and was a trespasser. Conceding this to be the law,—which we do not decide,—yet the jury were justified in finding in this case that, notwithstanding the boy's intention to cross from one part of the right of way to the other, as soon as he was ordered to "get away" by the switchman he turned and started south over the highway, to leave the precincts of the railway yard, and seek his home from another direction than first intended; and we have no hesitation in saying that, whatever his original intention may have been, he had a right to change it in order to use the highway for its legitimate purposes, when he ceased to be a trespasser.

It is further urged that plaintiff's son was guilty of contributory negligence, and this is the only serious question in the case. The claim for defendant is that the car moving on Garfield avenue was plainly apparent to the observation of the injured boy, and that he must have seen it, and in failing to avoid it he was wanting in the exercise of ordinary care, which contributed to his injury. We think that the moving of these cars, although slowly, upon the spur over the street, without control, would sustain the finding of the jury that defendant was negligent. Klotz v. Winona & St. Peter R. Co., 68 Minn. 341, 71 N. W. 257. And while there is force to the claim that the plaintiff's son should have known that the car was moving towards him, although he was running, the car was moving very slowly, which may have led to the belief on his part that it was not moving at all. It is also a fact not unworthy of an inference in his behalf that he may have been trying to avoid the switchman, who had previously told him to get away, and acted as if he would drive him from the yard, which circumstance may have had some effect upon his actions. These facts, in connection with the immature age of the boy, have led us to the conclusion that it was not conclusive, as a matter of law, that he failed to exercise the care which a youth of his age, under the same circumstances, would have displayed, and the verdict in this respect must be sustained.

Judgment affirmed.